07 CV 7073

STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

RECEIVED
AUG 08 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEHZADI & BRENJIAN CARPET,

Plaintiff,

v.

DAVID & SON ORIENTAL ANTIQUE RUGS CORPORATION and DAVID SHADAN,

Defendants.

07 Civ. _____ (___)

**COMPLAINT**

Plaintiff Behzadi & Brenjian Carpet ("Plaintiff" or "Behzadi"), by its attorneys, Storch Amini & Munves PC, as and for its complaint against defendants David & Sons Oriental Antique Rugs Corporation ("Oriental Antique Rugs") and David Shadan ("Shadan") (collectively, "Defendants") hereby alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to recover damages that it has incurred as a result of Defendants' breach of multiple agreements to purchase various carpets.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an Iranian company that is engaged in the business of buying and selling carpets. Plaintiff is a citizen of Iran and maintains its principal place of business in

Tehran, Iran. Plaintiff is a merchant under Article 2 of the New York Uniform Commercial Code (the "U.C.C.").

3. Oriental Antique Rugs is a New York corporation and is engaged in the business of buying and selling carpets. Oriental Antique Rugs is a merchant under Article 2 of the U.C.C. Upon information and belief, Oriental Antique Rugs lacks corporate formalities and commingles funds with Shadan.

4. Shadan resides at 630 First Avenue, New York, New York and is a citizen of New York. Shadan is the Chairman and Chief Executive Officer of Oriental Antique Rugs. As such, upon information and belief, Shadan exercises dominion and control over Oriental Antique Rugs and operates Oriental Antique Rugs as his instrumentality or alter ego, rather than as a separate legal entity. Upon information and belief, Shadan used Oriental Antique Rugs to engage in the wrongful conduct alleged herein, which caused injury to Plaintiff.

5. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 since the matter is between citizens of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since Defendants reside herein.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

The July 2002 Agreement

7. In or about July 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "July 2002 Agreement").

8. Pursuant to the July 2002 Agreement, Defendants agreed to purchase from Plaintiff seventeen (17) carpets (the "July 2002 Carpets") in exchange for 436,355,670 Iranian Rials, or approximately $53,620.00 (the "July 2002 Purchase Price").

9. Defendants' payment of the July 2002 Purchase Price was due in five (5) monthly installments: October 12, 2002; November 11, 2002; December 11, 2002; January 10, 2003; and February 9, 2003.

10. On or about August 4, 2002, Plaintiff promptly delivered the July 2002 Carpets to Defendants.

11. Defendants received and accepted the July 2002 Carpets.

12. Defendants did not fully pay Plaintiff the monthly installments for the July 2002 Purchase Price when they became due.

The October 2002 Agreement

13. In or about October 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "October 2002 Agreement").

14. Pursuant to the October 2002 Agreement, Defendants agreed to purchase from Plaintiff ninety-eight (98) carpets (the "October 2002 Carpets") in exchange for 844,767,820 Iranian Rials, or approximately $149,069.00 (the "October 2002 Purchase Price").

15. Defendants' payment of the October 2002 Purchase Price was due in three (3) installments over five (5) months: November 2002; January 2003; and March 2003.

16. On or about October 26, 2002, Plaintiff promptly delivered the October 2002 Carpets to Defendants.

17. Defendants received and accepted the October 2002 Carpets.

18. Defendants did not fully pay Plaintiff the installments for the October 2002 Purchase Price when they became due.

The November 2002 Agreement

19. In or about November 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "November 2002 Agreement").

20. Pursuant to the November 2002 Agreement, Defendants agreed to purchase from Plaintiff thirty-eight (38) carpets (the "November 2002 Carpets") in exchange for 1,132,243,000 Iranian Rials, or approximately $114,204.00 (the "November 2002 Purchase Price").

21. Defendants' payment of the November 2002 Purchase Price was due in five (5) monthly installments: January 2003; February 2003; March 2003; April 2003; and May 2003.

22. On or about December 4, 2002, Plaintiff promptly delivered the November 2002 Carpets to Defendants.

23. Defendants received and accepted the November 2002 Carpets.

24. Defendants did not fully pay Plaintiff the installments for the November 2002 Purchase Price when they became due.

The December 2002 Agreement

25. In or about December 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "December 2002 Agreement").

26. Pursuant to the December 2002 Agreement, Defendants agreed to purchase from Plaintiff fifty-six (56) carpets (the "December 2002 Carpets") in exchange for 422,734,000 Iranian Rials, or approximately $46,067.00 (the "December 2002 Purchase Price").

27. Defendants' payment of the December 2002 Purchase Price was due in five (5) monthly installments: March 2003; April 2003; May 2003; June 2003; and July 2003.

28. On or about February 1, 2003, Plaintiff promptly delivered the December 2002 Carpets to Defendants.

29. Defendants received and accepted the December 2002 Carpets.

30. Defendants did not fully pay Plaintiff the installments for the December 2002 Purchase Price when they became due.

The March 2003 Agreement

31. In or about March 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "March 2003 Agreement").

32. Pursuant to the March 2003 Agreement, Defendants agreed to purchase from Plaintiff one hundred and eight (108) carpets (the "March 2003 Carpets") in exchange for 1,000,190,000 Iranian Rials, or approximately $143,359.00 (the "March 2003 Purchase Price").

33. Defendants' payment of the March 2003 Purchase Price was due in five (5) monthly installments: April 2003; May 2003; June 2003; July 2003; and August 2003.

34. On or about March 18, 2003, Plaintiff promptly delivered the March 2003 Carpets to Defendants.

35. Defendants received and accepted the March 2003 Carpets.

36. Defendants did not fully pay Plaintiff the installments for the March 2003 Purchase Price when they became due.

The April 2003 Agreement

37. In or about April 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "April 2003 Agreement").

38. Pursuant to the April 2003 Agreement, Defendants agreed to purchase from Plaintiff two hundred and seventeen (217) carpets (the "April 2003 Carpets") in exchange for 2,373,3000,000 Iranian Rials, or approximately $328,641.00 (the "April 2003 Purchase Price").

39. Defendants' payment of the April 2003 Purchase Price was due in three (3) installments over five (5) months: June 2003; July 2003; and August 2003.

40. On or about May 10, 2003, Plaintiff promptly delivered the April 2003 Carpets to Defendants.

41. Defendants received and accepted the April 2003 Carpets.

42. Defendants did not fully pay Plaintiff the installments of the April 2003 Purchase Price when they became due.

The May 2003 Agreement

43. In or about May 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "May 2003 Agreement").

44. Pursuant to the May 2003 Agreement, Defendants agreed to purchase from Plaintiff ninety (90) carpets (the "May 2003 Carpets") in exchange for 846,982,710 Iranian Rials, or approximately $141,711.00 (the "May 2003 Purchase Price").

45. Defendants' payment of the May 2003 Purchase Price was due in July 2003.

46. On or about July 12, 2003, Plaintiff promptly delivered the May 2003 Carpets to Defendants.

47. Defendants received and accepted the May 2003 Carpets.

48. Defendants did not fully pay Plaintiff the May 2003 Purchase Price when it became due.

The June 2003 Agreement

49. In or about June 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "June 2003 Agreement")[1].

50. Pursuant to the June 2003 Agreement, Defendants agreed to purchase from Plaintiff one hundred and ninety-two (192) carpets (the "June 2003 Carpets")[2] in exchange for 1,709,513,610 Iranian Rials, or approximately $260,059.00 (the "June 2003 Purchase Price").[3]

51. Defendants' payment of the June 2003 Purchase Price was due in three (3) monthly installments: August 2003; September 2003; and October 2003.

52. On or about July 26, 2003, Plaintiff promptly delivered the June 2003 Carpets to Defendants.

53. Defendants received and accepted the June 2003 Carpets.

54. Defendants did not fully pay Plaintiff the installments for the June 2003 Purchase Price when it became due.

**FIRST CLAIM FOR RELIEF**

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – July 2002 Agreement)**

55. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

56. The parties entered into the July 2002 Agreement, a valid and enforceable contract.

---

[1] The July 2002 Agreement, October 2002 Agreement, November 2002 Agreement, December 2002 Agreement, March 2003 Agreement, April 2003 Agreement, May 2003 Agreement, and June 2003 Agreement are collectively referred to as the "Carpet Agreements."

[2] The July 2002 Carpets, October 2002 Carpets, November 2002 Carpets, December 2002 Carpets, March 2003 Carpets, April 2003 Carpets, May 2003 Carpets, and June 2003 Carpets are collectively referred to as the "Carpets."

[3] The July 2002 Purchase Price, October 2002 Purchase Price, November 2002 Purchase Price, December 2002 Purchase Price, March 2003 Purchase Price, April 2003 Purchase Price, May 2003 Purchase Price, and June 2003 Purchase Price are collectively referred to as the "Purchase Prices."

57. Pursuant to the July 2002 Agreement, Defendants promised to pay the July 2002 Purchase Price to Plaintiff in exchange for the July 2002 Carpets.

58. Plaintiff has fulfilled its responsibilities under the July 2002 Agreement by delivering the July 2002 Carpets to Defendants.

59. Defendants have materially breached the July 2002 Agreement by failing to fully pay Plaintiff the July 2002 Purchase Price.

60. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – October 2002 Agreement)**

61. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

62. The parties entered into the October 2002 Agreement, a valid and enforceable contract.

63. Pursuant to the October 2002 Agreement, Defendants promised to pay the October 2002 Purchase Price to Plaintiff in exchange for the October 2002 Carpets.

64. Plaintiff has fulfilled its responsibilities under the October 2002 Agreement by delivering the October 2002 Carpets to Defendants.

65. Defendants have materially breached the October 2002 Agreement by failing to fully pay Plaintiff the October 2002 Purchase Price.

66. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – November 2002 Agreement)**

67. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

68. The parties entered into the November 2002 Agreement, a valid and enforceable contract.

69. Pursuant to the November 2002 Agreement, Defendants promised to pay the November 2002 Purchase Price to Plaintiff in exchange for the November 2002 Carpets.

70. Plaintiff has fulfilled its responsibilities under the November 2002 Agreement by delivering the November 2002 Carpets to Defendants.

71. Defendants have materially breached the November 2002 Agreement by failing to fully pay Plaintiff the November 2002 Purchase Price.

72. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – December 2002 Agreement)**

73. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

74. The parties entered into the December 2002 Agreement, a valid and enforceable contract.

75. Pursuant to the December 2002 Agreement, Defendants promised to pay the December 2002 Purchase Price to Plaintiff in exchange for the December 2002 Carpets.

76. Plaintiff has fulfilled its responsibilities under the December 2002 Agreement by delivering the December 2002 Carpets to Defendants.

77. Defendants have materially breached the December 2002 Agreement by failing to fully pay Plaintiff the December 2002 Purchase Price.

78. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – March 2003 Agreement)**

79. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

80. The parties entered into the March 2003 Agreement, a valid and enforceable contract.

81. Pursuant to the March 2003 Agreement, Defendants promised to pay the March 2003 Purchase Price to Plaintiff in exchange for the March 2003 Carpets.

82. Plaintiff has fulfilled its responsibilities under the March 2003 Agreement by delivering the March 2003 Carpets to Defendants.

83. Defendants have materially breached the March 2003 Agreement by failing to fully pay Plaintiff the March 2003 Purchase Price.

84. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – April 2003 Agreement)**

85. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

86. The parties entered into the April 2003 Agreement, a valid and enforceable contract.

87. Pursuant to the April 2003 Agreement, Defendants promised to pay the April 2003 Purchase Price to Plaintiff in exchange for the April 2003 Carpets.

88. Plaintiff has fulfilled its responsibilities under the April 2003 Agreement by delivering the April 2003 Carpets to Defendants.

89. Defendants have materially breached the April 2003 Agreement by failing to fully pay Plaintiff the April 2003 Purchase Price.

90. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – May 2003 Agreement)**

91. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

92. The parties entered into the May 2003 Agreement, a valid and enforceable contract.

93. Pursuant to the May 2003 Agreement, Defendants promised to pay the May 2003 Purchase Price to Plaintiff in exchange for the May 2003 Carpets.

94. Plaintiff has fulfilled its responsibilities under the May 2003 Agreement by delivering the May 2003 Carpets to Defendants.

95. Defendants have materially breached the May 2003 Agreement by failing to fully pay Plaintiff the May 2003 Purchase Price.

96. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – June 2003 Agreement)

97. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

98. The parties entered into the June 2003 Agreement, a valid and enforceable contract.

99. Pursuant to the June 2003 Agreement, Defendants promised to pay the June 2003 Purchase Price to Plaintiff in exchange for the June 2003 Carpets.

100. Plaintiff has fulfilled its responsibilities under the June 2003 Agreement by delivering the June 2003 Carpets to Defendants.

101. Defendants have materially breached the June 2003 Agreement by failing to fully pay Plaintiff the June 2003 Purchase Price.

102. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants in an amount to be determined at trial, but no less than $521,578.00, together with interest, incidental damages, attorneys' fees and costs, and such other relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
August 2, 2007

By: ______________________

Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Storch Amini & Munves PC
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Tel. (212) 490-4100
Fax (212) 490-4208