UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BEHZADI & BRENIJAN CARPET,

               Plaintiff,

        v.

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

               Defendants.
-----------------------------------------------------------x

07 Civ. 7073 (BSJ)

**DEFAULT JUDGMENT**

This action having been commenced on August 8, 2007, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been served on defendant DAVID & SON ORIENTAL ANTIQUES RUGS CORPORATION on August 14, 2007 by personal service upon the Secretary of State by Demovsky Lawyer Service, and a proof of service having been filed on August 16, 2007, and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, and

a copy of the Summons and Complaint having been served on defendant DAVID SHADAN on August 10, 2007 by Certified Mail, and a proof of service having been filed on August 14, 2007, and the defendant not having answered the Complaint, and the time for answering the Complaint having expired, it is

ORDERED, ADJUDGED AND DECREED that the plaintiff BEHZADI & BRENIJAN CARPET have judgment against defendants DAVID & SON ORIENTAL ANTIQUE RUGS CORPORATION and DAVID SHADAN in the liquidated amount of $521,578.00, plus 9% interest from November 1, 2003 amounting to $183,266.79 plus costs and disbursements of this action in the amount of $639.93 amounting in all to $705,484.72.

Dated: September ___, 2007
     New York, New York

_____
            U.S.D.J.

This document was entered on the docket on

_____.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BEHZADI & BRENIJAN CARPET,

                    Plaintiff,                              07 Civ. 7073 (BSJ)

            v.                                             **AFFIDAVIT FOR**
                                                           **JUDGMENT BY DEFAULT**
DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

                    Defendants.
------------------------------------------------------------x

STATE OF NEW YORK      )
                       )ss.:
COUNTY OF NEW YORK  )

Kevin Fritz, being duly sworn, deposes and says:

      1.      I am a member of the Bar of this Court and am associated with the firm of Storch Amini Munves, P.C., attorneys for plaintiff in the above-entitled action and I am familiar with all the facts and circumstance in this action.

      2.      I make this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant.

      3.      This is an action to recover damages owed by defendants to plaintiff for breach of contract.

      4.      Jurisdiction of the subject matter of this action is based on diversity jurisdiction.

      5.      This action was commenced on August 8, 2007 by filing of the summons and complaint. A copy of the summons and complaint are attached as Exhibit A. A copy of the summons and complaint was served upon defendant David & Son Oriental Antique Rugs Corporation on August 14, 2007 by personal service upon the Secretary of State by Demovsky

Lawyer Service and a proof of service was filed on August 16, 2007. David & Son Oriental

Antique Rugs Corporation has not answered the Complaint and its time to do so has expired.  A

copy of the proof of service is attached hereto as Exhibit B.

6.    A copy of the summons and complaint was served on defendant David Shadan on

August 10, 2007 by Certified Mail and a proof of service was filed on August 14, 2007.  David

Shadan has not answered the Complaint and his time to do so has expired.  David Shadan is not a

minor, mentally incompetent nor in the military.  A copy of the proof of service is attached

hereto as Exhibit C.

7.    This action seeks judgment for the liquidated amount of $521,578.00, plus interest

at 9% from November 1, 2003, for a total as of September 26, 2007, 2007 of $705,484.72, as

shown by the annexed Statement, which is justly due and owing, and no part of which has been

paid except as therein set forth.

8.    The disbursement sought to be taxed have been made in this action or will

necessarily be made herein.

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed

Judgment against defendants.

Dated: September 26, 2007
       New York, NY


_____
                              Kevin Fritz

Sworn to before me this 26th
day of September, 2007

_____
Notary Public

JASON B. LEVIN
Notary Public, State of New York
No.02LE6139282
Qualified in New York County
Commission Expires on January 3, 2010

Exhibit A



STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

BEHZADI & BRENJIAN CARPET,

               Plaintiff,

        v.

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

             Defendants.

------------------------------------------------------- x

07 Civ. _____ ( ___ )

**COMPLAINT**

Plaintiff Behzadi & Brenjian Carpet ("Plaintiff" or "Behzadi"), by its attorneys, Storch

Amini & Munves PC, as and for its complaint against defendants David & Sons Oriental Antique

Rugs Corporation ("Oriental Antique Rugs") and David Shadan ("Shadan") (collectively,

"Defendants") hereby alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action to recover damages that it has incurred as a result of

Defendants' breach of multiple agreements to purchase various carpets.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an Iranian company that is engaged in the business of buying and

selling carpets. Plaintiff is a citizen of Iran and maintains its principal place of business in

Tehran, Iran. Plaintiff is a merchant under Article 2 of the New York Uniform Commercial Code (the "U.C.C.").

3. Oriental Antique Rugs is a New York corporation and is engaged in the business of buying and selling carpets. Oriental Antique Rugs is a merchant under Article 2 of the U.C.C. Upon information and belief, Oriental Antique Rugs lacks corporate formalities and commingles funds with Shadan.

4. Shadan resides at 630 First Avenue, New York, New York and is a citizen of New York. Shadan is the Chairman and Chief Executive Officer of Oriental Antique Rugs. As such, upon information and belief, Shadan exercises dominion and control over Oriental Antique Rugs and operates Oriental Antique Rugs as his instrumentality or alter ego, rather than as a separate legal entity. Upon information and belief, Shadan used Oriental Antique Rugs to engage in the wrongful conduct alleged herein, which caused injury to Plaintiff.

5. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 since the matter is between citizens of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since Defendants reside herein.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

The July 2002 Agreement

7. In or about July 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "July 2002 Agreement").

2

8.      Pursuant to the July 2002 Agreement, Defendants agreed to purchase from Plaintiff seventeen (17) carpets (the "July 2002 Carpets") in exchange for 436,355,670 Iranian Rials, or approximately $53,620.00 (the "July 2002 Purchase Price").

9.      Defendants' payment of the July 2002 Purchase Price was due in five (5) monthly installments: October 12, 2002; November 11, 2002; December 11, 2002; January 10, 2003; and February 9, 2003.

10.      On or about August 4, 2002, Plaintiff promptly delivered the July 2002 Carpets to Defendants.

11.      Defendants received and accepted the July 2002 Carpets.

12.      Defendants did not fully pay Plaintiff the monthly installments for the July 2002 Purchase Price when they became due.

The October 2002 Agreement

13.      In or about October 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "October 2002 Agreement").

14.      Pursuant to the October 2002 Agreement, Defendants agreed to purchase from Plaintiff ninety-eight (98) carpets (the "October 2002 Carpets") in exchange for 844,767,820 Iranian Rials, or approximately $149,069.00 (the "October 2002 Purchase Price").

15.      Defendants' payment of the October 2002 Purchase Price was due in three (3) installments over five (5) months: November 2002; January 2003; and March 2003.

16.      On or about October 26, 2002, Plaintiff promptly delivered the October 2002 Carpets to Defendants.

17.      Defendants received and accepted the October 2002 Carpets.

18.     Defendants did not fully pay Plaintiff the installments for the October 2002 Purchase Price when they became due.

<u>The November 2002 Agreement</u>

19.     In or about November 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "November 2002 Agreement").

20.     Pursuant to the November 2002 Agreement, Defendants agreed to purchase from Plaintiff thirty-eight (38) carpets (the "November 2002 Carpets") in exchange for 1,132,243,000 Iranian Rials, or approximately $114,204.00 (the "November 2002 Purchase Price").

21.     Defendants' payment of the November 2002 Purchase Price was due in five (5) monthly installments: January 2003; February 2003; March 2003; April 2003; and May 2003.

22.     On or about December 4, 2002, Plaintiff promptly delivered the November 2002 Carpets to Defendants.

23.     Defendants received and accepted the November 2002 Carpets.

24.     Defendants did not fully pay Plaintiff the installments for the November 2002 Purchase Price when they became due.

<u>The December 2002 Agreement</u>

25.     In or about December 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "December 2002 Agreement").

26.     Pursuant to the December 2002 Agreement, Defendants agreed to purchase from Plaintiff fifty-six (56) carpets (the "December 2002 Carpets") in exchange for 422,734,000 Iranian Rials, or approximately $46,067.00 (the "December 2002 Purchase Price").

27.     Defendants' payment of the December 2002 Purchase Price was due in five (5) monthly installments: March 2003; April 2003; May 2003; June 2003; and July 2003.

4

28.    On or about February 1, 2003, Plaintiff promptly delivered the December 2002 Carpets to Defendants.

29.    Defendants received and accepted the December 2002 Carpets.

30.    Defendants did not fully pay Plaintiff the installments for the December 2002 Purchase Price when they became due.

The March 2003 Agreement

31.    In or about March 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "March 2003 Agreement").

32.    Pursuant to the March 2003 Agreement, Defendants agreed to purchase from Plaintiff one hundred and eight (108) carpets (the "March 2003 Carpets") in exchange for 1,000,190,000 Iranian Rials, or approximately $143,359.00 (the "March 2003 Purchase Price").

33.    Defendants' payment of the March 2003 Purchase Price was due in five (5) monthly installments: April 2003; May 2003; June 2003; July 2003; and August 2003.

34.    On or about March 18, 2003, Plaintiff promptly delivered the March 2003 Carpets to Defendants.

35.    Defendants received and accepted the March 2003 Carpets.

36.    Defendants did not fully pay Plaintiff the installments for the March 2003 Purchase Price when they became due.

The April 2003 Agreement

37.    In or about April 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "April 2003 Agreement").

38.     Pursuant to the April 2003 Agreement, Defendants agreed to purchase from Plaintiff two hundred and seventeen (217) carpets (the "April 2003 Carpets") in exchange for 2,373,3000,000 Iranian Rials, or approximately $328,641.00 (the "April 2003 Purchase Price").

39.     Defendants' payment of the April 2003 Purchase Price was due in three (3) installments over five (5) months: June 2003; July 2003; and August 2003.

40.     On or about May 10, 2003, Plaintiff promptly delivered the April 2003 Carpets to Defendants.

41.     Defendants received and accepted the April 2003 Carpets.

42.     Defendants did not fully pay Plaintiff the installments of the April 2003 Purchase Price when they became due.

The May 2003 Agreement

43.     In or about May 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "May 2003 Agreement").

44.     Pursuant to the May 2003 Agreement, Defendants agreed to purchase from Plaintiff ninety (90) carpets (the "May 2003 Carpets") in exchange for 846,982,710 Iranian Rials, or approximately $141,711.00 (the "May 2003 Purchase Price").

45.     Defendants' payment of the May 2003 Purchase Price was due in July 2003.

46.     On or about July 12, 2003, Plaintiff promptly delivered the May 2003 Carpets to Defendants.

47.     Defendants received and accepted the May 2003 Carpets.

48.     Defendants did not fully pay Plaintiff the May 2003 Purchase Price when it became due.

The June 2003 Agreement

49. In or about June 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "June 2003 Agreement")[1].

50. Pursuant to the June 2003 Agreement, Defendants agreed to purchase from Plaintiff one hundred and ninety-two (192) carpets (the "June 2003 Carpets")[2] in exchange for 1,709,513,610 Iranian Rials, or approximately $260,059.00 (the "June 2003 Purchase Price").[3]

51. Defendants' payment of the June 2003 Purchase Price was due in three (3) monthly installments: August 2003; September 2003; and October 2003.

52. On or about July 26, 2003, Plaintiff promptly delivered the June 2003 Carpets to Defendants.

53. Defendants received and accepted the June 2003 Carpets.

54. Defendants did not fully pay Plaintiff the installments for the June 2003 Purchase Price when it became due.

## FIRST CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – July 2002 Agreement)**

55. Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

56. The parties entered into the July 2002 Agreement, a valid and enforceable contract.

---

[1] The July 2002 Agreement, October 2002 Agreement, November 2002 Agreement, December 2002 Agreement, March 2003 Agreement, April 2003 Agreement, May 2003 Agreement, and June 2003 Agreement are collectively referred to as the "Carpet Agreements."
[2] The July 2002 Carpets, October 2002 Carpets, November 2002 Carpets, December 2002 Carpets, March 2003 Carpets, April 2003 Carpets, May 2003 Carpets, and June 2003 Carpets are collectively referred to as the "Carpets."
[3] The July 2002 Purchase Price, October 2002 Purchase Price, November 2002 Purchase Price, December 2002 Purchase Price, March 2003 Purchase Price, April 2003 Purchase Price, May 2003 Purchase Price, and June 2003 Purchase Price are collectively referred to as the "Purchase Prices."

57.    Pursuant to the July 2002 Agreement, Defendants promised to pay the July 2002 Purchase Price to Plaintiff in exchange for the July 2002 Carpets.

58.    Plaintiff has fulfilled its responsibilities under the July 2002 Agreement by delivering the July 2002 Carpets to Defendants.

59.    Defendants have materially breached the July 2002 Agreement by failing to fully pay Plaintiff the July 2002 Purchase Price.

60.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – October 2002 Agreement)

61.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

62.    The parties entered into the October 2002 Agreement, a valid and enforceable contract.

63.    Pursuant to the October 2002 Agreement, Defendants promised to pay the October 2002 Purchase Price to Plaintiff in exchange for the October 2002 Carpets.

64.    Plaintiff has fulfilled its responsibilities under the October 2002 Agreement by delivering the October 2002 Carpets to Defendants.

65.    Defendants have materially breached the October 2002 Agreement by failing to fully pay Plaintiff the October 2002 Purchase Price.

66.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – November 2002 Agreement)

67.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

68.    The parties entered into the November 2002 Agreement, a valid and enforceable contract.

69.    Pursuant to the November 2002 Agreement, Defendants promised to pay the November 2002 Purchase Price to Plaintiff in exchange for the November 2002 Carpets.

70.    Plaintiff has fulfilled its responsibilities under the November 2002 Agreement by delivering the November 2002 Carpets to Defendants.

71.    Defendants have materially breached the November 2002 Agreement by failing to fully pay Plaintiff the November 2002 Purchase Price.

72.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – December 2002 Agreement)

73.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

74. .    The parties entered into the December 2002 Agreement, a valid and enforceable contract.

75.    Pursuant to the December 2002 Agreement, Defendants promised to pay the December 2002 Purchase Price to Plaintiff in exchange for the December 2002 Carpets.

76.    Plaintiff has fulfilled its responsibilities under the December 2002 Agreement by delivering the December 2002 Carpets to Defendants.

77.    Defendants have materially breached the December 2002 Agreement by failing to fully pay Plaintiff the December 2002 Purchase Price.

78.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – March 2003 Agreement)

79.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

80.    The parties entered into the March 2003 Agreement, a valid and enforceable contract.

81.    Pursuant to the March 2003 Agreement, Defendants promised to pay the March 2003 Purchase Price to Plaintiff in exchange for the March 2003 Carpets.

82.    Plaintiff has fulfilled its responsibilities under the March 2003 Agreement by delivering the March 2003 Carpets to Defendants.

83.    Defendants have materially breached the March 2003 Agreement by failing to fully pay Plaintiff the March 2003 Purchase Price.

84.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – April 2003 Agreement)

85.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

86.    The parties entered into the April 2003 Agreement, a valid and enforceable contract.

87.    Pursuant to the April 2003 Agreement, Defendants promised to pay the April 2003 Purchase Price to Plaintiff in exchange for the April 2003 Carpets.

88.    Plaintiff has fulfilled its responsibilities under the April 2003 Agreement by delivering the April 2003 Carpets to Defendants.

89.    Defendants have materially breached the April 2003 Agreement by failing to fully pay Plaintiff the April 2003 Purchase Price.

90.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – May 2003 Agreement)**

91.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

92.    The parties entered into the May 2003 Agreement, a valid and enforceable contract.

93.    Pursuant to the May 2003 Agreement, Defendants promised to pay the May 2003 Purchase Price to Plaintiff in exchange for the May 2003 Carpets.

94.    Plaintiff has fulfilled its responsibilities under the May 2003 Agreement by delivering the May 2003 Carpets to Defendants.

95.     Defendants have materially breached the May 2003 Agreement by failing to fully pay Plaintiff the May 2003 Purchase Price.

96.     As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – June 2003 Agreement)

97.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

98.     The parties entered into the June 2003 Agreement, a valid and enforceable contract.

99.     Pursuant to the June 2003 Agreement, Defendants promised to pay the June 2003 Purchase Price to Plaintiff in exchange for the June 2003 Carpets.

100.    Plaintiff has fulfilled its responsibilities under the June 2003 Agreement by delivering the June 2003 Carpets to Defendants.

101.    Defendants have materially breached the June 2003 Agreement by failing to fully pay Plaintiff the June 2003 Purchase Price.

102.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.


WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants in an amount to be determined at trial, but no less than $521,578.00, together with interest, incidental damages, attorneys' fees and costs, and such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.


Dated: New York, New York
      August 2, 2007

By: _____

    Bijan Amini (BA-3533)
    Kevin Fritz (KF-6788)
    Storch Amini & Munves PC
    2 Grand Central Tower, 25th Floor
    140 East 45th Street
    New York, NY 10017
    Tel. (212) 490-4100
    Fax (212) 490-4208

JUDGE JONES

07 CV 7073

STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff



RECEIVED
AUG 0 8 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

BEHZADI & BRENJIAN CARPET,

                  Plaintiff,

          v.

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

                Defendants.

------------------------------------------------------- x

07 Civ. _____ (__)

**STATEMENT PURSUANT**
**TO FED. R. CIV. P. 7.1**

    Pursuant to rule 7.1 of the Federal Rules of Civil Procedure, to enable District Judges and

Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned

counsel for plaintiff Behzadi & Brenijan Carpet certifies that it has no corporate parent and no

publicly held corporation owns more than 10% or more of its stock.

DATE: August 2, 2007

                                    Kevin Fritz (KF-6788)

INDIVIDUAL PRACTICES OF JUDGE BARBARA S. JONES
[Effective January 20, 2005]

Unless otherwise ordered by Judge Jones, matters before Judge Jones shall be conducted in accordance with the following practices:

1. **Communications With Chambers**

   **A. Letters.** Except as otherwise provided below, communications with Chambers shall be by letter, with copies simultaneously delivered to all counsel. All letters must provide the name of the case and its docket number, and must state the name of the party that counsel represents. Copies of correspondence between counsel shall **not** be sent to Chambers.

   **B. Telephone Calls.** Telephone calls to Chambers are permitted only in emergency situations requiring immediate attention. For instructions, call 212-805-6185.

   **C. Faxes.** Faxes to Chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. **Do not follow with hard copy.** The fax number is 212-805-6191.

   **D. Requests for Adjournments or Extensions of Time.** Applications for adjournments and extensions of time must be made in writing and received in Chambers by either mail or fax at least forty-eight hours prior to the scheduled appearance. All such applications must state (1) the original date, (2) the number of previous requests, (3) whether those previous requests were granted or denied, and (4) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent. **Failure to comply with these requirements will result in a denial of the request absent good cause shown.** If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

   **E. Courtesy Copies of Papers.** One (1) non-electronic courtesy copy of the complaint and the answer shall be provided to Chambers **as soon as the originals are filed with the Clerk of Court** in the Cashier's Office (Room 120). Originals and copies should bear legends distinguishing between them.

- 1 -

2. Motions

   A.   Generally.  Pre-motion conferences are not required.  For discovery motions, follow Local Civil Rule 37.2.

   B.   Courtesy Copies of Motion Papers.  Judge Jones accepts courtesy copies of motion papers only when the motion has been fully submitted, i.e., after the moving papers, any answering papers, and the moving party's reply papers have been filed. Counsel for the moving party shall deliver one (1) courtesy copy of all such motion papers from the various parties to Chambers.  Any courtesy copies of papers submitted separately will be discarded by Chambers.  **Parties are reminded that each party must file its respective papers with the Clerk of the Court as such papers are served.**

   C.   Oral Argument on Motions.  The Court will advise counsel if argument will be heard and, if so, of the argument date.

3. Pretrial Procedures

   A.   Joint Pretrial Orders in Civil Cases.  Unless otherwise ordered, within 30 days after the date for the completion of discovery in a civil case, the parties shall submit to the Court for its approval a joint pretrial order, which shall include the following:

      i.    The full caption of the action.

      ii.   The names, addresses (including firm names), and telephone and fax numbers of trial counsel.

      iii.  A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.

      iv.   A brief summary by each party of the claims and defenses that party has asserted which remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on.  Such summaries shall identify all claims and defenses previously asserted that are not to be tried.

      v.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

- 2 -

**vi.** A statement as to whether or not all parties have consented to trial of the case by a Magistrate Judge (without identifying which parties have or have not so consented).

**vii.** Any stipulations or agreed statements of fact or law that have been agreed to by all parties.

**viii.** A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition.

**ix.** A designation by each party of deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party.

**x.** A list by each party of exhibits to be offered in its case-in-chief, with a star indicating exhibits to which any party objects on any ground.

**B.** **Filings Prior to Trial in Civil Cases.** Unless otherwise ordered, each party shall file, 15 days before the date of commencement of trial, if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

**i.** In jury cases, requests to charge and proposed voir dire questions. When feasible, proposed jury charges should also be submitted on a 3.5" diskette in Microsoft Word;

**ii.** In non-jury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

**iii.** In all cases, motions addressing any evidentiary or other issues that should be resolved in limine, with opposition papers filed within 7 days of those motions; and

**iv.** In any case where such party believes it would be useful, a pretrial memorandum.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                            :

                            :    CONSENT TO PROCEED BEFORE
            Plaintiff(s),   :    UNITED STATES MAGISTRATE JUDGE

                            :
       - against -         :   _____ Civ. _____ (  ) (  )

                            :

           Defendant(s).   :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

IT IS HEREBY STIPULATED by the undersigned:

    1.  All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United States Magistrate Judge conduct all further proceedings in this action, including any trial and entry of final judgment.

    2.  Any appeal from a judgment entered in this case will lie to the Court of Appeals for the Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c).

_____    _____
Attorney(s) for Plaintiff(s)       Attorney(s) for Defendant(s)
Address                        Address
Telephone                      Telephone


_____    _____
Attorney(s) for _____     Attorney(s) for _____
Address                        Address
Telephone                      Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.


_____
               U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.


                  _____
       For:  Clerk U.S.D.C. S.D.N.Y.

IH - 30

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# CRITICAL INSTRUCTIONS TO ATTORNEYS:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## \*\*\*\*  Please Read Immediately \*\*\*\*

You must read and comply with all of the instructions on the attached sheet. Your case **CANNOT** be opened until you have correctly followed ALL of the required steps.

J. MICHAEL McMAHON
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007
300 QUARROPAS STREET, WHITE PLAINS, NY 10601

WWW.NYSD.USCOURTS.GOV
June 7, 2004

# 3rd Amended Instructions for Filing an Electronic Case or Appeal

*Important* - your new case is an electronically filed case (ECF case) and you will be <u>required</u> to file documents electronically instead of on paper (with certain exceptions listed below). If you don't have your ECF password yet, you should <u>register now</u> (no fee required) on the CM/ECF page of the Court's website at **www.nysd.uscourts.gov** Please follow the instructions below.

ECF Judges:

| | | | | | | |
|---|---|---|---|---|---|---|
| Baer *** | Castel ** | Griesa ** | Knapp *** | McMahon * | Preska * | Stein * |
| Batts * | Cedarbaum*** | Haight ** | Koeltl * | Motley *** | Rakoff ** | Swain ** |
| Berman ** | Chin *** | Hellerstein ** | Kram *** | Mukasey * | Robinson * | Sweet * |
| Brieant * | Conner * | Holwell ** | Leisure ** | Owen *** | Sand *** | Wood ** |
| Buchwald ** | Cote ** | Jones ** | Lynch ** | Patterson *** | Scheindlin ** | Magistrate- |
| Carter *** | Daniels ** | Kaplan ** | Marrero ** | Pauley ** | Sprizzo *** | Judges * |
| Casey ** | Duffy *** | Keenan ** | McKenna *** | Pollack ** | Stanton *** | |

\*   ECF Wave 1 Judge, assigning new cases filed on or after December 2, 2003 to the ECF system.
\*\*  ECF Wave 2 Judge, assigning new cases filed on or after March 1, 2004 to the ECF system.
\*\*\* ECF Wave 3 Judge, assigning new cases filed on or after June 7, 2004 to the ECF system.

**Important note on non-ECF cases:** Older cases filed prior to the above dates, as well as Pro Se cases, Habeas Corpus cases, Social Security cases, and Multi-District Litigation <u>will not be electronically filed</u> and should be filed on paper. Do not file documents electronically in cases that are not assigned to the ECF system.

## Instructions

(1)   Electronic cases are opened and service of the initiating documents (complaint, notice of removal, etc.) is accomplished in the traditional manner, on paper.

(2)   *Important* - In addition to serving the initiating documents in the traditional manner, on paper, you are also required to deliver paper copies of the following documents to all other parties (copies available at the courthouse, & on our website):

   (a) The assigned Judge's Individual Rules
   (b) USDC/SDNY Instructions for Filing an Electronic Case or Appeal (this document)
   (c) USDC/SDNY Procedures for Electronic Case Filing
   (d) USDC/SDNY Guidelines for Electronic Case Filing.

3)   <u>Within 24 hours of the assignment of a case number</u>, you are required to <u>email</u> to the Clerk of Court the initiating documents <u>in Adobe Acrobat pdf format only</u>. Failure to do so within 24 hours will delay adding your case to the computerized ECF docket. Include a F.R.C.P. Rule 7.1 Statement (if applicable) and any exhibits. The case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption. Each document must be in a separate pdf file <u>no larger than 2.5 megabytes</u> (separate large computer files into smaller parts if necessary, and label accordingly). When sending email, the subject line of the email & the file name of the pdf should list only the case number followed by a document description (ex. "Re: 01cv1234-complaint"). Send the email (do not file on the ECF system) to:

   (a) For new civil cases assigned to a Manhattan Judge, email a pdf copy of the documents to

      case_openings@nysd.uscourts.gov

   (b) For new civil cases assigned to a White Plains Judge, email a pdf copy of the documents to

      wpclerk@nysd.uscourts.gov

(4)    File the Affidavit of Service for the initiating document (complaint, notice of removal, etc.) in the following manner:

    **(a)** electronically file the Affidavit of Service for the initiating document on the ECF system (do not send by email),
    **(b)** file the original Affidavit of Service with summons attached in the traditional manner, on paper with the Clerk.

(5)    All subsequent documents, including the Defendant's Answer, <u>must be filed electronically</u> on the ECF system at **ecf.nysd.uscourts.gov**. Electronic filing involves using your ECF password to docket the item directly into the ECF system. <u>Electronic filing is not the same as email to the Clerk.</u> Read the Judge's Individual Rules to determine if courtesy copies (on paper) are required.

(6)    Appeals will be assigned to the ECF system only if the original case was also electronically filed. File the appeal in the traditional manner, on paper. Then within 24 hours of filing the paper copy of your Appeal at the courthouse, you are required to email to the Clerk of Court an electronic copy of the Appeal in pdf format. Include any exhibits. Each document must be in a separate pdf file no larger than 2.5 megabytes. The District Court case number, the Judge's initials, and "ECF CASE" must appear in the document's case caption.

When sending email, the subject line of the email should always list the case number followed by a document description (ex. "Re: 01cv1234-appeal"). Send the email (do not file on the ECF system) to:

    **(a)** For appeals from an ECF case assigned to a Manhattan Judge, email a pdf copy of the appeal to

        **appeals@nysd.uscourts.gov**

    **(b)** For appeals from an ECF case assigned to a White Plains Judge, email a pdf copy of the appeal to

        **wpclerk@nysd.uscourts.gov**

(7)    Follow all the rules for Electronic Case Filing (available at www.nysd.uscourts.gov):

    **(a)** SDNY Procedures for Electronic Case Filing      **(d)** Local Rules of this Court, and
    **(b)** SDNY Guidelines for Electronic Case Filing    **(e)** Federal Rules of Civil Procedure
    **(c)** Individual Rules of the Assigned Judge

## ✓ Learn More About Electronic Case Filing at www.nysd.uscourts.gov

Click on the "CM-ECF" page for the official ECF filing rules, training information, computer requirements, and more.

Attorneys should use the "Attorney Registration" page to register on-line for a SDNY ECF password (no fee). Your ECF password will be sent to you by email. You must have an ECF password from SDNY District Court to file documents electronically.

Sign up now for a SDNY PACER account if you don't already have one. Call (800) 676-6856, or go to http://pacer.psc.uscourts.gov

Electronically file documents in ECF cases over the Internet at ecf.nysd.uscourts.gov

Don't have a computer or scanner? Bring your ECF password and the paper documents to the courthouse, and you can use our public computers to electronically file your documents. Call the ECF Help Desk for more information.

The ECF Help Desk is available to answer your ECF questions from 8:30 AM to 7:30 PM at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914) 390-4204, and by email at help_desk@nysd.uscourts.gov

J. MICHAEL McMAHON
WWW.NYSD.USCOURTS.GOV

CLERK OF COURT

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET, NEW YORK, NY 10007

December 1, 2003

# Guidelines for Electronic Case Filing

The following guidelines apply to all electronically filed cases and have been written by the Clerk of Court under the authority of this Court's Procedures for Electronic Case Filing.

**Q. What is the web address for the SDNY ECF system?**

The new ECF system will be on the Internet at **https://ecf.nysd.uscourts.gov**

**Q. Should I use Netscape Navigator or Internet Explorer to use ECF?**

Only Netscape Navigator 4.6, 4.7, or Internet Explorer 5.5 have been certified for use with the ECF program. Other browsers have not been certified, and while they may work part of the time, they may also cause errors in the middle of filing.

**Q. Is there a limit to the size of a document that can be filed on ECF?**

Yes, 2.5 megabytes (approximately 50 pages). If your file is too large, the system will reject it. The solution is to separate an oversized file into 2 or more parts and docket it in a single event. Simply label each file 1, 2, 3, etc. In all cases assigned to the ECF system, no single document totaling more than 15 megabytes (even if separated into individual computer files) shall be electronically filed without prior permission of the Court.

**Q. Can I file documents that originate on paper and are then scanned to create a pdf file?**

Yes, but.....the ECF system will not accept any single document that is larger than 2.5 megabytes, or approximately 50 pages. Wherever possible, you should create pdf files directly from a word processing program. When you create a pdf file from a scanned paper document, the file size is significantly larger. This may prevent you from filing it as a single document on the ECF system and will also take up unnecessary computer memory on your own computer system. Besides, it's easier to create a pdf directly from a word processor.

**Q. Who can file documents on ECF?**

Only an attorney admitted to practice in SDNY, and registered to use the ECF system, or an "authorized agent" of the filing user, is permitted to file (ECF Procedures, 8b). A filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document. Be careful whom you allow to use your ECF log-in and password. Attorneys can register on-line to use ECF at **www.nysd.uscourts.gov**

**Q. Can an attorney admitted Pro Hac Vice file documents electronically?**

Yes. Immediately after a motion to be admitted pro hac vice is granted, the attorney is required to register to be an ECF Filing User at www.nysd.uscourts.gov

**Q. Will I need a password to use ECF?**

Yes, 2 passwords - one for the ECF system and one for PACER. To obtain an ECF password you must first register to be an ECF Filing User at www.nysd.uscourts.gov To obtain a PACER password go to http://ecf.nysd.uscourts.gov If you already use dial up PACER service, then you don't need to change anything - your log-in and password will remain the same.

When a document is electronically filed, all ECF registered attorneys of record in that case will receive an email titled NOTICE OF ELECTRONIC FILING and a hypertext link to the document. That is your "one free look" at the document. If you need a second look or want to view other cases where you are not the attorney of record, you will be required to enter your PACER log-in and password.

**Q. Can I view both civil and criminal dockets over the Internet?**

Civil dockets are available remotely over the Internet to anyone with a PACER account. Criminal dockets are available remotely over the Internet only to the attorney of record. As always, all civil and criminal dockets may be viewed on public access computers at the courthouse.

**Q. How can I sign up other attorneys in my firm to receive electronic notices in my case?**

By adding them as an additional attorney of record. Every attorney of record will receive email notification of filings in his or her case. The ECF system will allow up to two attorneys of record to be entered in each case. Of course, each attorney must be a registered ECF filing user.

**Q. Must the caption of the document indicate it has been electronically filed?**

Yes. (SDNY ECF Procedures, 8a).

**Q. How will I know if I have successfully filed a document electronically?**

The filer will immediately receive a Notice of Electronic Filing, which should be saved and/or printed; it's your receipt. You will also see a list of who will be served electronically and who will not. It is the responsibility of the filing party to serve paper copies on any party that will not receive electronic notice.

**Q. What if I file the wrong document, or file in the wrong case?**

In all cases assigned to the ECF system, if a document is electronically filed in error, the filer shall immediately notify the Clerk of Court in writing, and the Clerk shall seek further guidance from the Court.

**Q. How do I sign an electronically filed document?**

The filing user's ECF log-in and password serve as his/her electronic signature. (ECF Procedures #8). The filing user should place an S/ in place of the signature. Signatures for all other persons must be scanned in order to capture the actual ink signature.

**Q. Will older cases be assigned to the ECF system?**

No. Only those cases filed after the ECF system goes live are subject to electronic filing. Cases filed before the ECF system goes live will not be converted to ECF cases. You will be able to view the docket sheets in older cases on-line, but not the documents.

**Q. Which cases will be ECF cases?**

Civil and criminal cases filed after December 1, 2003, will be subject to electronic filing. Social Security cases, Habeas Corpus cases and Pro Se cases will not be assigned to the ECF system.

**Q. Which Judges will entertain ECF cases?**

Eventually all the courts Judges and Magistrate-Judges will be able to entertain ECF cases. Groups of judges will be added to the ECF system over a 12 month period. The first group will include Judges Batts, Brieant, Conner, Kaplan, Koeltl, McMahon, Mukasey, Preska, Robinson, Stein, Sweet, and all the Court's Magistrate Judges. Parties are directed to refer to each judge's individual rules (available on the court's website) to learn whether a particular case will be assigned to the ECF system.

**Q. How do I view a document in an ECF case?**

Use an approved Internet web browser (see above) and go to **https://ecf.nysd.uscourts.gov** Click on Query, enter the case number, find the document, and click on the blue hyperlink next to that entry. An electronic copy of the complete document will then appear on your computer screen. If there is no blue hyperlink, then there is no electronic version of that document.

**Q. Does filing electronically affect the filing deadline?**

No. Filing electronically does not change your obligation to comply with the Federal Rules and any applicable Local Rules. Filing must be <u>completed</u> before midnight local time in order to be considered timely filed that day (ECF Procedures 3c)(See also Judges Individual Rules).

**Q. How do I open an ECF case?**

To open a civil action, you must file the complaint on paper at the courthouse, pay any applicable fee, and serve the documents in the traditional manner, on paper. (See SDNY ECF Procedures 1d). Then you must <u>email</u> (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

For cases assigned to a Manhattan Judge: **case_openings@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

Failure to email the pdf copy of the complaint to the Clerk within 24 hours may result in a delay in adding the case to the Court's electronic docket.

**Q. Must I serve a copy of the assigned Judge's Individual Rules with the complaint?**

Yes. Copies of Judges' Individual Rules are available at the Clerk's Office and also on the Court's public website at www.nysd.uscourts.gov

**Q. Must I file a paper Summons and Affidavit of Service for the Complaint?**

Yes. For ECF cases, the Affidavit of Service with the original summons attached must be filed with the court in the traditional manner, on paper (ECF Procedures, 1d).

**Q. Must I file a paper Affidavit of Service for other documents in the case?**

No. For all other underlined electronically filed documents after the complaint, the Clerk will automatically transmit by email a Notice of Electronic Filing to each attorney of record that has registered to be an ECF Filing user. Transmission of that Notice of Electronic filing shall constitute service (ECF Procedures, 9).

**Q. How do I serve my adversary who has not registered to be an ECF Filing User?**

Upon completion of filing electronically, the filer will receive a receipt which should be printed and saved. The receipt will include a list of who will be served electronically and who will not. The ECF system does not relieve filers from their obligations under the Federal Rules of Civil and Criminal Procedure to serve paper copies on any party that will not receive electronic notice.

**Q. When filing a motion, should the supporting affidavit be attached or filed separately?**

Electronically filed motions should be filed in the traditional manner. Supporting affidavits and exhibits that would normally be filed attached to the motion should also be filed attached to an electronic motion. Other affidavits and memoranda of law that would normally be filed separately from the motion should be filed separately from an electronic motion. Exhibits attached to a motion must comply with the Court's Procedures for Electronic Case Filing, section 5. Excerpted material must be clearly marked as such.

**Q. How should I submit exhibits not attached to a motion?**

The Court's Procedures for Electronic Case Filing, section 5, requires that attachments and exhibits must be submitted in electronic form, unless the Court permits paper filing. Only relevant excerpts of exhibits, labeled as such, should be submitted. Remember, there are limits to the size of a computer file that may be submitted (see page 1). A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned.