**Q. How do I file a proposed order, judgment or stipulation?**

Proposed orders, judgments and stipulations should not be submitted through the ECF system. Instead they should be sent by email to the Clerk. Proposed orders should be submitted in word processing format (WordPerfect or Word) rather than as a pdf document. Stipulations should be submitted in pdf format. Stipulations must contain all required signatures (the last person to sign can email it to the clerk). Email the proposed order, judgment or stipulation to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I file an Order to Show Cause?**

In all cases assigned to the ECF system, Orders to Show Cause seeking a stay shall be submitted in the traditional manner, in person before the Court.

Orders to Show Cause that do not seek a stay, shall be submitted by email (not filed on the ECF system) to the Clerk in word processing format (WordPerfect or Word) rather than as a pdf document. Email the proposed Order to Show Cause to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I file a default judgment?**

Default judgments should not be submitted through the ECF system. Instead they should be sent by email to the Clerk, in word processing format (WordPerfect or Word) rather than as a pdf document. Email the default judgment documents to:

For cases assigned to a Manhattan Judge: **orders_and_judgments@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

**Q. How do I submit a letter?**

In the traditional manner on paper. Do not submit letters through the ECF system. (See also each Judge's Individual Rules).

**Q. Will sealed documents be filed electronically?**

No. Sealed documents will filed in the traditional manner, in paper form.

**Q. How do I file a Notice of Appeal?**

To file a Notice of Appeal you must file the Notice on paper at the courthouse, including a copy of the document being appealed, and pay any applicable fee. (See SDNY ECF Procedures, 1d). Then you must email (not electronically file) a pdf copy of all filed documents to the Clerk of Court within 24 hours. All documents must be marked with the District Court case number and assigned Judge's name. Email a copy of all filed documents in pdf format to:

For cases assigned to a Manhattan Judge: **appeals@nysd.uscourts.gov**

For cases assigned to a White Plains Judge: **wpclerk@nysd.uscourts.gov**

Failure to email the pdf copy of the Notice of Appeal to the Clerk within 24 hours may result in a delay in adding the appeal to the Court's electronic docket.

**Q. Which is the "original" document, the paper or the ECF version?**

When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court, and the filing party is bound by the document as filed (ECF Procedures 3b).

**Q. Must I keep paper originals of documents I electronically file?**

Yes. See the official SDNY PROCEDURES FOR ELECTRONIC FILING, section 7 for details.

**Q. Should I continue to submit courtesy copies?**

Yes, continue your current practice. If you would submit a courtesy copy of the document in a non-ECF case, you should now submit a courtesy copy of it in an ECF case. (See also each Judge's Individual Rules).

**Q. When an attorney leaves a firm, how do we change the attorney's ECF Registration information?**

Send written notice to the Attorney Admissions Clerk, 500 Pearl Street, NY, NY 10007.

**Q. Will there be an ECF Help Desk?**

Yes. An ECF telephone Help Desk will be available from 8:30 AM to 7:30 PM Monday through Friday at (212) 805-0800, and from 8:30 AM to 5:00 PM at (914)390-4204. Or you can email your ECF questions to help_desk@nysd.uscourts.gov

**Q. How can I stay up to date with future ECF news and developments?**

By registering to be a Point of Contact (POC) at www.nysd.uscourts.gov, you will receive periodic email messages concerning the ECF system. You don't need to be an attorney to be a POC

**Q. How can I learn how to use ECF?**

On the Court's website you will find "ECF 101", an on-line introduction to ECF, as well as detailed training materials for beginners and advanced users. Go to **www.nysd.uscourts.gov**

United States District Court
Southern District of New York

# Procedures for Electronic Case Filing

March 6, 2003

# Procedures for Electronic Case Filing

**Procedures for Electronic Case Filing**

The Court will accept for filing documents submitted, signed or verified by electronic means that comply with the following procedures.

## 1. Scope of Electronic Filing

(a) The Court will designate which cases will be assigned to the Electronic Filing System. Except as expressly provided and in exceptional circumstances preventing a Filing User from filing electronically, all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court in a case assigned to the Electronic Filing System must be filed electronically. A paper may be filed electronically (i) from a remote location, (ii) by bringing it to the Clerk's office during regular business hours, in a form or electronic format prescribed by the Clerk, for input into the System, or (iii) where permitted by the Court, by bringing the paper to the Clerk's office during regular business hours to be scanned into the System.

(b) Unless limited by their terms to civil cases, the provisions of these procedures relating to electronic filing apply in criminal cases that are initiated by the filing of an indictment or information. Electronic filing procedures shall not apply to applications for arrest, search or electronic surveillance warrants; for other orders in aid of or ancillary to a criminal investigation; or to proceedings relating to the grand jury.

(c) Electronic filing procedures shall not apply to Social Security Cases.

(d) The filing and service of the initial papers in a civil case, including the complaint, the issuance of the summons and the proof of service of the summons and complaint, as well as service of non-party subpoenas, will be accomplished in the traditional manner on paper in accordance with the Federal Rules of Civil Procedure and applicable Local Rules governing service, rather than electronically. In a criminal case, the indictment or information, including any superseders, shall also be filed and given to the defendant in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules rather than electronically; in addition, service of subpoenas shall be made in the traditional manner on paper in accordance with the Federal Rules of Criminal Procedure and applicable Local Rules. In a case assigned to the Electronic Filing System after it has been opened, parties must promptly provide the Clerk with electronic copies of all documents previously provided in paper form. All subsequent documents must be filed electronically except as provided in these procedures or as ordered by the Court.

## 2. Eligibility, Registration, Passwords

(a) Attorneys admitted to the bar of this Court, including those admitted pro hac vice and attorneys authorized to represent the United States, may register and may be required to register as Filing Users of the Court's Electronic Filing System. Unless excused by the Court, attorneys not already Filing Users appearing in cases assigned to the Electronic Filing System must register as Filing Users forthwith upon the case being so designated. Registration is in a form prescribed by the Clerk and requires the Filing User's name, address, telephone number, Internet e-mail address, and

a declaration that the attorney is admitted to the bar of this Court or authorized to represent the United States.

(b)  If the Court permits or requires, a party to a pending civil action who is not represented by an attorney may register as a Filing User in the Electronic Filing System solely for purposes of the action. Registration is in a form prescribed by the Clerk and requires identification of the action as well as the name, address, telephone number and Internet e-mail address of the party. If, during the course of the proceeding, the party retains an attorney who appears on the party's behalf, the attorney must advise the Clerk to terminate the party's registration as a Filing User upon the attorney's appearance.

(c)  Once registration is completed, the Filing User will receive notification of the user log-in and password. Filing Users agree to protect the security of their passwords and immediately notify the Clerk if they learn that their password has been compromised. Users may be subject to sanctions for failure to comply with this provision.

(d)  In a civil action, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted, (i) each attorney identified on the Civil Cover Sheet, as well as (ii) each additional attorney who subsequently appears in the action and files a Request for Electronic Notification (which may be filed electronically). In a criminal case, the Clerk will enter, as Filing Users to whom Notices of Electronic Filing will be transmitted and who will be granted access to electronically file and retrieve documents in the case, the attorney(s) for the United States identified on the Criminal Designation Form or subsequently identified as representing the United States in the case and each attorney filing a  Notice of Appearance on behalf of a defendant.  Notices of Appearance on behalf of a criminal defendant will be filed in the traditional manner on paper.

(e)  An attorney of record may, by written or electronic request to the Clerk, have transmission of Notices of Electronic Filing to another attorney in his or her firm terminated.

## 3.  Consequences of Electronic Filing

(a)  Except as otherwise provided in Procedure 4 herein, electronic filing of a document in the Electronic Filing System consistent with these procedures, together with the transmission of a Notice of Electronic Filing from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55.

(b)  When a document has been filed electronically, the official record is the electronic recording of the document as stored by the Court (subject to the exception set out in Procedure 4 below), and the filing party is bound by the document as filed. Except in the case of documents first filed in paper form and subsequently submitted electronically under Procedure 1, a document filed electronically is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

(c) Filing a document electronically does not alter the filing deadline for that document. Filing must be completed before midnight local time where the Court is located in order to be considered timely filed that day.

(d) Individual judges' practices should continue to be followed with respect to delivery of courtesy copies.

## 4. Entry of Court Orders

(a) All orders, decrees, judgments, and proceedings of the Court will be filed in accordance with these procedures and entered on the docket kept by the Clerk under Fed.R.Civ.P. 58 and 79 and Fed.R.Crim.P. 49 and 55. Each document signed by a judge shall be scanned so as to contain an image of the judge's signature and shall be filed electronically by the Court, and the manually signed original shall be filed by the Clerk of the Court. In the event of a discrepancy between the electronically filed copy and the manually signed original, the manually signed original shall control.

(b) A Filing User submitting a document electronically that requires a judge's signature must promptly deliver the document in such other form as the Court requires, if any.

## 5. Attachments and Exhibits

Filing Users must submit in electronic form all documents referenced as exhibits or attachments, unless the Court permits paper filing. A Filing User must submit as exhibits or attachments only those excerpts of the referenced documents that are relevant to the matter under consideration by the Court. Excerpted material must be clearly and prominently identified as such. Filing Users who file excerpts of documents as exhibits or attachments under this procedure do so without prejudice to their right to file timely additional excerpts or the complete document. Responding parties may file timely additional excerpts that they believe are relevant or the complete document. A party may move for permission to serve and file in hard copy documents that cannot reasonably be scanned. In cases where the record of an administrative or other prior proceeding must be filed with the Court, such record may be served and filed in hard copy without prior motion and order of the Court.

## 6. Sealed Documents

Documents ordered to be placed under seal may not be filed electronically unless specifically authorized by the Court. A motion to file documents under seal should be filed electronically unless prohibited by law; however, a motion to file under seal that includes a statement of why the filing should not be made electronically may be made in paper copy. The order of the Court authorizing the filing of documents under seal may be filed electronically unless prohibited by law. A paper copy of the order must be attached to the documents under seal and be delivered to the Clerk.

## 7. Retention Requirements

Documents that are electronically filed and require original signatures other than that of the Filing User must be maintained in paper form by the Filing User until one year after all time periods for appeals expire, except that affidavits, declarations and proofs of service must be maintained in

paper form by the Filing User until five years after all time periods for appeals expire. On request of the Court, the Filing User must provide original documents for review.

## 8. Signatures

(a) The user log-in and password required to submit documents to the Electronic Filing System serve as the Filing User's signature on all electronic documents filed with the Court. They also serve as a signature for purposes of the Federal Rules of Civil Procedure, including Rule 11, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court. Each document filed electronically must indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and (except in criminal cases) the attorney number, all in compliance with Local Civil Rule 11.1. In addition, the name of the Filing User under whose log-in and password the document is submitted must be preceded by an "s/" typed in the space where the signature would otherwise appear.

(b) No Filing User or other person may knowingly permit or cause to permit a Filing User's password to be used by anyone other than an authorized agent of the Filing User.

(c) A document requiring the signature of a defendant in a criminal case may be electronically filed only in a scanned format that contains an image of the defendant's signature.

(d) Documents requiring signatures of more than one party must be electronically filed either by: (1) submitting a scanned document containing all necessary signatures; (2) representing the consent of the other parties on the document; (3) identifying on the document the parties whose signatures are required and by the submission of a notice of endorsement by the other parties no later than three business days after filing; or (4) in any other manner approved by the Court.

## 9. Service of Documents by Electronic Means

Transmission of the Clerk's Notice of Electronic Filing of a document shall constitute service of such document upon any Filing User in that case. It remains the duty of the attorney for a party to review regularly the docket sheet of the case. Attorneys and pro se parties who are not Filing Users shall be served with a paper copy of any electronically filed pleading or other document. Service of such paper copy must be made according to the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure and the Local Rules.

## 10. Notice of Court Orders and Judgments

Immediately upon the entry of an order or judgment in a proceeding assigned to the Electronic Filing System, the Clerk will transmit to Filing Users in the case, in electronic form, a Notice of Electronic Filing. Electronic transmission of the Notice of Electronic Filing constitutes the notice required by Fed.R.Crim.P. 49(c) and Fed.R.Civ.P. 77(d). It remains the duty of the attorney for a party to review regularly the docket sheet of the case. The Clerk must give notice in paper form to a person who is not a Filing User in accordance with the Federal Rules of Civil Procedure or the Federal Rules of Criminal Procedure.

## 11. Technical Failures

A Filing User whose filing is made untimely as the result of a technical failure may seek appropriate relief from the Court.

## 12. Public Access

A person may review at the Clerk's office filings that have not been sealed by the Court. A person also may access the Electronic Filing System at the Court's Internet site www.nysd.uscourts.gov by obtaining a PACER log-in and password. A person who has PACER access may retrieve docket sheets in civil and criminal cases and documents in a civil case, but only counsel for the government and for a defendant may retrieve documents in a criminal case. Only a Filing User under Procedure 2 herein may file documents.

May 10, 2005

# INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE EATON

Unless otherwise ordered by Judge Eaton, matters before Judge Eaton shall be conducted in accordance with the following practices. These practices are applicable to matters before Judge Eaton if the matter is within the scope of the District Judge's Order of Reference or if the case is before Judge Eaton pursuant to the parties' consent under 28 U.S.C. § 636(c). Otherwise, the practices of the District Judge to whom the case is assigned apply.

1. **Communications With Chambers**

    **A. Letters.** Copies of letters to chambers shall simultaneously be delivered to all counsel. Copies of correspondence between counsel shall not be sent to the court.

    **B. Telephone Calls.** In addition to Paragraph 1(D) below, telephone calls to chambers are permitted. For matters other than docketing, scheduling, or calendaring, call chambers at 212-805-6175.

    **C. Faxes.** Faxes to chambers are permitted only if copies are also simultaneously faxed or delivered to all counsel. No document longer than 10 pages may be faxed without prior authorization. Please follow with hard copy. The fax number is 212-805-6181.

    **D. Docketing, Scheduling, and Calendar Matters.** For docketing, scheduling, and calendar matters, call Helen Lewis at 212-805-6183 between 8:30 A.M. and 4:30 P.M.

    **E. Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order (reflecting only business days) must be attached. If the request is for an adjournment of a court appearance, absent an emergency it shall be made at least 48 hours prior to the scheduled appearance.

2. **Motions**

    **A. Pre-Motion Conferences in Civil Cases.** For discovery disputes, follow Judge Eaton's Standing Order for Discovery Disputes, attached hereto as Appendix A. For motions other than discovery motions, pre-motion conferences are not required.

    **B. Courtesy Copies.** Courtesy copies of all motion papers, marked as such, should be submitted for chambers.

ix.  A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party;

x.  A list by each party of exhibits to be offered in its case in chief, with one star indicating exhibits to which no party objects on grounds of authenticity, and two stars indicating exhibits to which no party objects on any ground.

**B.  Filings Prior to Trial in Civil Cases.**  Unless otherwise ordered by the Court, each party shall file, 15 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the final pretrial order if no trial date has been fixed:

i.  In jury cases, requests to charge and proposed voir dire questions.  When feasible, proposed jury charges should also be submitted on a 3.5" diskette in WordPerfect version 5.1 or higher format;

ii.  In nonjury cases, a statement of the elements of each claim or defense involving such party, together with a summary of the facts relied upon to establish each element;

iii.  In all cases, motions addressing any evidentiary or other issues which should be resolved in limine; and

iv.  In any case where such party believes it would be useful, a pretrial memorandum.

# APPENDIX A TO THE INDIVIDUAL PRACTICES OF MAGISTRATE JUDGE EATON

UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

DOUGLAS F. EATON
UNITED STATES MAGISTRATE JUDGE

## Standing Order for Discovery Disputes in Cases Assigned to Magistrate Judge Douglas F. Eaton

¶1.   Conference requirement.   Rule 37(a)(2)(A and B), Fed. R. Civ. P., requires the attorneys to confer in good faith in an effort to resolve or narrow all discovery disputes before seeking judicial intervention.  "Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining, without regard to technical interpretation of the language of a request, (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention.   The exchange of letters between counsel stating  positions "for the record" shall not be deemed compliance with this requirement, or with Rule 37(a)(2)(A and B).   Failure to hold a good faith conference is ground for the award of attorney's fees and other sanctions.  28 U.S.C. §1927; Apex Oil Co. v. Belcher Co., 855 F.2d 1009, 1019-20 (2d Cir. 1988).

¶2.   Depositions.

    a.   No one may instruct a witness not to answer, except upon grounds of privilege, or as permitted by Rule 30(d)(1), Fed. R. Civ. P.   All other objections, including objections as to relevance, may be briefly stated on the record, but the question must be answered.

    b.   If privilege is asserted, the person claiming privilege must answer the predicate questions necessary to establish the applicability of the privilege.  See Local Civil Rule 26.2.

    c.   Disputes relating to privilege or procedure at a deposition, and applications to terminate or limit a deposition pursuant to Rule 30(d), may be brought to my attention by telephone conference (if I am available) without adjourning the deposition. (NOTE:  Telephone conferences are limited to disputes about a deposition taking place that very day.  Any other disputes must be submitted by joint letter; see below at ¶ 3.)  My telephone number is 212-805-6175.  The following procedures apply to such telephone conferences:

1

portions of its draft position. To avoid unreasonable delay, the parties should confer again and make a genuine effort to produce a final version of the joint letter that each party is willing to sign as a fair statement of its final position.

c.    The joint letter must be limited to a statement of what discovery still remains in dispute, and _why_ each party believes it should or should not be ordered. Citation of case law is desirable. It is usually unnecessary to recite the procedural history in detail. It is usually unhelpful to include subjective matters such as opinions about the motives of your adversary.

d.    If interrogatories, document requests, or responses are in dispute, the joint letter must enclose the text of the specific items in dispute (and only those items).

e.    I will normally decide such disputes on the basis of the joint letter, with _no oral argument_. If I want affidavits, briefs, or a conference, I will inform counsel.

f.    Submissions under ¶ 3 shall be deemed to be motions pursuant to Rule 37 and may provide the basis for me to award expenses and other sanctions.

g.    My requirement for a single joint letter applies also to non-parties. If a party foresees that it may have a discovery dispute with a non-party, then it shall serve the non-party with a copy of this Standing Order.


_____
DOUGLAS F. EATON, U.S.M.J.

Revised as of 4/19/05

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x
                                    :
                                    :    CONSENT TO PROCEED BEFORE
                   Plaintiff(s),    :    UNITED STATES MAGISTRATE JUDGE
                                    :
      - against -                   :    _____ Civ. _____ (      ) (      )
                                    :
                   Defendant(s).    :
————————————————————x

IT IS HEREBY STIPULATED by the undersigned:

        1.  All parties consent, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, that a United
States Magistrate Judge conduct all further proceedings in this action, including any trial and entry
of final judgment.

        2.  Any appeal from a judgment entered in this case will lie to the Court of Appeals for the
Second Circuit as from any other judgment of the district court pursuant to 28 U.S.C. § 636(c)(3)
and Fed. R. Civ. P. 73(c).

_____          _____
Attorney(s) for Plaintiff(s)             Attorney(s) for Defendant(s)
Address                                  Address
Telephone                                Telephone


_____          _____
Attorney(s) for _____         Attorney(s) for _____
Address                                  Address
Telephone                                Telephone

(Separately executed forms may be submitted.  See Fed. R. Civ. P. 73(b).)

SO ORDERED.


_____
                                   U.S.D.J.

Magistrate Judge _____ was assigned this case on _____.


                                   _____
                                   For:  Clerk U.S.D.C. S.D.N.Y.

SDNY Web 4/99

A copy of this Notice must be served by the plaintiff with the complaint on all adversary parties, and attached to any third-party complaint served by a defendant.

## RIGHT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D.N.Y. Local Civil Rule 73.1, the United States Magistrate Judges of the Southern District of New York have jurisdiction, with the consent of all parties, to conduct any or all proceedings in a civil case, including jury or non-jury trials, and order the entry of judgment. Trial before a Magistrate Judge proceeds in the same manner as trial before a District Judge.

The Magistrate Judge previously designated for the case will conduct the consent proceedings. If no Magistrate Judge has been designated, one will be drawn by lot to preside.

In accordance with 28 U.S.C. § 636(c)(3) and Fed. R. Civ. P. 73(c), appeal in a consent proceeding lies to the United States Court of Appeals for the Second Circuit as it would from any judgment of the district court.

The decision to consent, or not to consent, to proceed before a Magistrate Judge under § 636(c) is entirely voluntary. Only if all parties to the case consent to the reference will either the District Judge or Magistrate Judge be informed of the decision. Fed. R. Civ. P. 73(b).

If the parties in this action consent to proceed before a Magistrate Judge, the attached consent form should be signed by counsel for all parties and submitted to the Judgment and Orders Clerk in Room 120 of the Courthouse at 500 Pearl Street or Room 167 of the White Plains Courthouse. Separately executed forms may be submitted. See Fed.R. Civ. P. 73(b).

Exhibit B



**Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BEHZADI & BRENJIAN CARPET,

        Plaintiff(s),

    -against-                                AFFIDAVIT OF SERVICE
                                                07 CV 7073

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION AND DAVID SHADAN,

        Defendant(s).
------------------------------------------------------X
STATE OF NEW YORK   )
                     S.S.:
COUNTY OF ALBANY   )

        DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of

eighteen years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

        That on the 14TH day of August, 2007, at approximately the time of 12:30P.M., at the

office of the Secretary of State, of the State of New York in the City of Albany, New York, deponent

served the SUMMONS  AND COMPLAINT AND JUDGES' RULES AND ELECTRONIC FILING

INSTRUCTIONS upon DAVID & SON ORIENTAL ANTIQUE RUGS CORP., the defendant in this

action, by delivering to and leaving with DONNA CHRISTIE an agent of the Secretary of State, of the

State of New York, two (2) true copies thereof and at that time of making such service deponent paid said

Secretary of State a fee of forty dollars. That said service was made pursuant to Section, 306, Business

Corporation Law.

        Deponent further says that she knew the person so served as aforesaid to be the individual

in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of

said defendant.

        DONNA CHRISTIE is a white female, approximately 46 years of age, stands

approximately 5 feet 4 inches tall, weighs approximately 135 pounds with blonde hair and blue eyes.

D.L.S., Inc.
00 State St.
Ste 220
Albany, NY 12207
00-443-1058
www.dlsny.com

                  DEBORAH LaPOINTE
                  Sworn to before me this
                  14TH day of August, 2007

Frank J. Panucci
Notary Public-State of NY
Qualified in Albany Co.
No. 4721156
Comm. Expires July 31, 2010

NOTARY PUBLIC

Exhibit C

STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

BEHZADI & BRENJIAN CARPET,

                        Plaintiff,                  CASE NO: 07 CV 7073

     - against -

DAVID & SON ORIENTAL ANTIQUE RUGS        **AFFIDAVIT OF SERVICE**
CORPORATION and DAVID SHADAN,

                      Defendants.
--------------------------------------------------------------x

STATE OF NEW YORK    )
                      )ss.:
COUNTY OF NEW YORK  )

      Bonnita Fields, being duly sworn, deposes and says:

      Deponent is not a party to the action, is over 18 years of age and resides in Bronx, New York.

      On August 10, 2007, deponent served a true copy of **SUMMONS AND COMPLAINT WITH JUDGES RULES AND STATEMENT PURSUANT TO FED. R. CIV. P. 7.1** upon:

David Shadan c/o David & Son Rugs
P.O. Box 996
New York, NY 10156-0996

by depositing a true and correct copy of the same enclosed in a certified postpaid wrapper addressed to the above in an official depository under the exclusive care and custody of the U.S.

Postal Service within the State of New York.

_Bonnita Fields_
Bonnita Fields

Sworn to before me this
14th day of August, 2007

_Russell Bogart_
Notary Public

RUSSELL BOGART
Notary Public, State of New York
No. 02BO6139279
Qualified in New York County
Commission Expires January 3, 2010

2



U.S. Postal Service
CERTIFIED MAIL. RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com.

OFFICIAL USE

Postage | $ | 4.60
Certified Fee | 2.25
Return Receipt Fee (Endorsement Required) |
Restricted Delivery Fee (Endorsement Required) |
Total Postage & Fees | $ 7.25

Sent To   David Shadan To David + Son Rug
Street, Apt. No.; or PO Box No.   P.O. Box 996
City, State, ZIP+4   New York, NY 10156 - 0996

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BEHZADI & BRENIJAN CARPET,

                  Plaintiff,                        07 Civ. 7073 (BSJ)

        v.                                 **STATEMENT OF DAMAGES**

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

                 Defendants.
-----------------------------------------------------------x

Principal amount sued for.................................................................... $521,578.00

Interest at 9% from November 1, 2003 to September 26, 2007..........................$183,266.79

Costs and Disbursements:

Clerk's fee ...........................................................................................$350.00
Process Server fees for service ...............................................................$289.93

Total (as of September 26, 2007)............................................................$705,484.72


Dated:  September 26, 2007
       New York, NY

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |

BEHZADI & BRENJIAN CARPET,

        Plaintiff,

        V.

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

        Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **07 CV 7073**

JUDGE JONES

TO: (Name and address of Defendant)

    David & Son Oriental Antique Rugs Corporation
    630 First Avenue
    New York, NY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Kevin Fritz, Esq.
    Storch Amini & Munves, PC
    Two Grand Central Tower, 25th Floor
    New York, NY 10017

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

                    AUG 0 8 2007

CLERK                                DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                        Date                                  *Signature of Server*


                                         _____
                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN                District of    NEW YORK

BEHZADI & BRENJIAN CARPET,

     Plaintiff,

       V.

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

     Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

07 CV     7073

JUDGE JONES

TO: (Name and address of Defendant)

    David Shadan
    630 First Avenue
    New York, NY

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Kevin Fritz, Esq.
    Storch Amini & Munves, PC
    Two Grand Central Tower, 25th Floor
    New York, NY 10017

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

J. M°CHAEL McMAHON                                   AUG 0 8 2007

_____          _____
CLERK                                                              DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                        *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JUDGE JONES

07 CV 7073

STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

RECEIVED
AUG 0 8 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

BEHZADI & BRENJIAN CARPET,

                Plaintiff,

       v.

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

                Defendants.

------------------------------------------------------------ x

07 Civ. _____ (___)

**COMPLAINT**

Plaintiff Behzadi & Brenjian Carpet ("Plaintiff" or "Behzadi"), by its attorneys, Storch

Amini & Munves PC, as and for its complaint against defendants David & Sons Oriental Antique

Rugs Corporation ("Oriental Antique Rugs") and David Shadan ("Shadan") (collectively,

"Defendants") hereby alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action to recover damages that it has incurred as a result of

Defendants' breach of multiple agreements to purchase various carpets.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an Iranian company that is engaged in the business of buying and

selling carpets. Plaintiff is a citizen of Iran and maintains its principal place of business in

Tehran, Iran.  Plaintiff is a merchant under Article 2 of the New York Uniform Commercial Code (the "U.C.C.").

3.    Oriental Antique Rugs is a New York corporation and is engaged in the business of buying and selling carpets.  Oriental Antique Rugs is a merchant under Article 2 of the U.C.C. Upon information and belief, Oriental Antique Rugs lacks corporate formalities and commingles funds with Shadan.

4.    Shadan resides at 630 First Avenue, New York, New York and is a citizen of New York.  Shadan is the Chairman and Chief Executive Officer of Oriental Antique Rugs.  As such, upon information and belief, Shadan exercises dominion and control over Oriental Antique Rugs and operates Oriental Antique Rugs as his instrumentality or alter ego, rather than as a separate legal entity.  Upon information and belief, Shadan used Oriental Antique Rugs to engage in the wrongful conduct alleged herein, which caused injury to Plaintiff.

5.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332 since the matter is between citizens of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since Defendants reside herein.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

The July 2002 Agreement

7.    In or about July 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "July 2002 Agreement").

8.　　Pursuant to the July 2002 Agreement, Defendants agreed to purchase from Plaintiff seventeen (17) carpets (the "July 2002 Carpets") in exchange for 436,355,670 Iranian Rials, or approximately $53,620.00 (the "July 2002 Purchase Price").

9.　　Defendants' payment of the July 2002 Purchase Price was due in five (5) monthly installments: October 12, 2002; November 11, 2002; December 11, 2002; January 10, 2003; and February 9, 2003.

10.　　On or about August 4, 2002, Plaintiff promptly delivered the July 2002 Carpets to Defendants.

11.　　Defendants received and accepted the July 2002 Carpets.

12.　　Defendants did not fully pay Plaintiff the monthly installments for the July 2002 Purchase Price when they became due.

The October 2002 Agreement

13.　　In or about October 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "October 2002 Agreement").

14.　　Pursuant to the October 2002 Agreement, Defendants agreed to purchase from Plaintiff ninety-eight (98) carpets (the "October 2002 Carpets") in exchange for 844,767,820 Iranian Rials, or approximately $149,069.00 (the "October 2002 Purchase Price").

15.　　Defendants' payment of the October 2002 Purchase Price was due in three (3) installments over five (5) months: November 2002; January 2003; and March 2003.

16.　　On or about October 26, 2002, Plaintiff promptly delivered the October 2002 Carpets to Defendants.

17.　　Defendants received and accepted the October 2002 Carpets.

18.    Defendants did not fully pay Plaintiff the installments for the October 2002 Purchase Price when they became due.

The November 2002 Agreement

19.    In or about November 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "November 2002 Agreement").

20.    Pursuant to the November 2002 Agreement, Defendants agreed to purchase from Plaintiff thirty-eight (38) carpets (the "November 2002 Carpets") in exchange for 1,132,243,000 Iranian Rials, or approximately $114,204.00 (the "November 2002 Purchase Price").

21.    Defendants' payment of the November 2002 Purchase Price was due in five (5) monthly installments: January 2003; February 2003; March 2003; April 2003; and May 2003.

22.    On or about December 4, 2002, Plaintiff promptly delivered the November 2002 Carpets to Defendants.

23.    Defendants received and accepted the November 2002 Carpets.

24.    Defendants did not fully pay Plaintiff the installments for the November 2002 Purchase Price when they became due.

The December 2002 Agreement

25.    In or about December 2002, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "December 2002 Agreement").

26.    Pursuant to the December 2002 Agreement, Defendants agreed to purchase from Plaintiff fifty-six (56) carpets (the "December 2002 Carpets") in exchange for 422,734,000 Iranian Rials, or approximately $46,067.00 (the "December 2002 Purchase Price").

27.    Defendants' payment of the December 2002 Purchase Price was due in five (5) monthly installments: March 2003; April 2003; May 2003; June 2003; and July 2003.

4

28.     On or about February 1, 2003, Plaintiff promptly delivered the December 2002 Carpets to Defendants.

29.     Defendants received and accepted the December 2002 Carpets.

30.     Defendants did not fully pay Plaintiff the installments for the December 2002 Purchase Price when they became due.

The March 2003 Agreement

31.     In or about March 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "March 2003 Agreement").

32.     Pursuant to the March 2003 Agreement, Defendants agreed to purchase from Plaintiff one hundred and eight (108) carpets (the "March 2003 Carpets") in exchange for 1,000,190,000 Iranian Rials, or approximately $143,359.00 (the "March 2003 Purchase Price").

33.     Defendants' payment of the March 2003 Purchase Price was due in five (5) monthly installments: April 2003; May 2003; June 2003; July 2003; and August 2003.

34.     On or about March 18, 2003, Plaintiff promptly delivered the March 2003 Carpets to Defendants.

35.     Defendants received and accepted the March 2003 Carpets.

36.     Defendants did not fully pay Plaintiff the installments for the March 2003 Purchase Price when they became due.

The April 2003 Agreement

37.     In or about April 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "April 2003 Agreement").

38.     Pursuant to the April 2003 Agreement, Defendants agreed to purchase from Plaintiff two hundred and seventeen (217) carpets (the "April 2003 Carpets") in exchange for 2,373,3000,000 Iranian Rials, or approximately $328,641.00 (the "April 2003 Purchase Price").

39.     Defendants' payment of the April 2003 Purchase Price was due in three (3) installments over five (5) months: June 2003; July 2003; and August 2003.

40.     On or about May 10, 2003, Plaintiff promptly delivered the April 2003 Carpets to Defendants.

41.     Defendants received and accepted the April 2003 Carpets.

42.     Defendants did not fully pay Plaintiff the installments of the April 2003 Purchase Price when they became due.

The May 2003 Agreement

43.     In or about May 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "May 2003 Agreement").

44.     Pursuant to the May 2003 Agreement, Defendants agreed to purchase from Plaintiff ninety (90) carpets (the "May 2003 Carpets") in exchange for 846,982,710 Iranian Rials, or approximately $141,711.00 (the "May 2003 Purchase Price").

45.     Defendants' payment of the May 2003 Purchase Price was due in July 2003.

46.     On or about July 12, 2003, Plaintiff promptly delivered the May 2003 Carpets to Defendants.

47.     Defendants received and accepted the May 2003 Carpets.

48.     Defendants did not fully pay Plaintiff the May 2003 Purchase Price when it became due.

The June 2003 Agreement

49.     In or about June 2003, the parties entered into an agreement for the sale of certain carpets by Plaintiff to Defendants (the "June 2003 Agreement")[1].

50.     Pursuant to the June 2003 Agreement, Defendants agreed to purchase from Plaintiff one hundred and ninety-two (192) carpets (the "June 2003 Carpets")[2] in exchange for 1,709,513,610 Iranian Rials, or approximately $260,059.00 (the "June 2003 Purchase Price").[3]

51.     Defendants' payment of the June 2003 Purchase Price was due in three (3) monthly installments: August 2003; September 2003; and October 2003.

52.     On or about July 26, 2003, Plaintiff promptly delivered the June 2003 Carpets to Defendants.

53.     Defendants received and accepted the June 2003 Carpets.

54.     Defendants did not fully pay Plaintiff the installments for the June 2003 Purchase Price when it became due.

## FIRST CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – July 2002 Agreement)

55.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

56.     The parties entered into the July 2002 Agreement, a valid and enforceable contract.

---

[1] The July 2002 Agreement, October 2002 Agreement, November 2002 Agreement, December 2002 Agreement, March 2003 Agreement, April 2003 Agreement, May 2003 Agreement, and June 2003 Agreement are collectively referred to as the "Carpet Agreements."
[2] The July 2002 Carpets, October 2002 Carpets, November 2002 Carpets, December 2002 Carpets, March 2003 Carpets, April 2003 Carpets, May 2003 Carpets, and June 2003 Carpets are collectively referred to as the "Carpets."
[3] The July 2002 Purchase Price, October 2002 Purchase Price, November 2002 Purchase Price, December 2002 Purchase Price, March 2003 Purchase Price, April 2003 Purchase Price, May 2003 Purchase Price, and June 2003 Purchase Price are collectively referred to as the "Purchase Prices."

57.     Pursuant to the July 2002 Agreement, Defendants promised to pay the July 2002 Purchase Price to Plaintiff in exchange for the July 2002 Carpets.

58.     Plaintiff has fulfilled its responsibilities under the July 2002 Agreement by delivering the July 2002 Carpets to Defendants.

59.     Defendants have materially breached the July 2002 Agreement by failing to fully pay Plaintiff the July 2002 Purchase Price.

60.     As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – October 2002 Agreement)**

61.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

62.     The parties entered into the October 2002 Agreement, a valid and enforceable contract.

63.     Pursuant to the October 2002 Agreement, Defendants promised to pay the October 2002 Purchase Price to Plaintiff in exchange for the October 2002 Carpets.

64.     Plaintiff has fulfilled its responsibilities under the October 2002 Agreement by delivering the October 2002 Carpets to Defendants.

65.     Defendants have materially breached the October 2002 Agreement by failing to fully pay Plaintiff the October 2002 Purchase Price.

66.     As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – November 2002 Agreement)**

67.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

68.     The parties entered into the November 2002 Agreement, a valid and enforceable contract.

69.     Pursuant to the November 2002 Agreement, Defendants promised to pay the November 2002 Purchase Price to Plaintiff in exchange for the November 2002 Carpets.

70.     Plaintiff has fulfilled its responsibilities under the November 2002 Agreement by delivering the November 2002 Carpets to Defendants.

71.     Defendants have materially breached the November 2002 Agreement by failing to fully pay Plaintiff the November 2002 Purchase Price.

72.     As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – December 2002 Agreement)**

73.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

74.     The parties entered into the December 2002 Agreement, a valid and enforceable contract.

75.     Pursuant to the December 2002 Agreement, Defendants promised to pay the December 2002 Purchase Price to Plaintiff in exchange for the December 2002 Carpets.

76.    Plaintiff has fulfilled its responsibilities under the December 2002 Agreement by delivering the December 2002 Carpets to Defendants.

77.    Defendants have materially breached the December 2002 Agreement by failing to fully pay Plaintiff the December 2002 Purchase Price.

78.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – March 2003 Agreement)

79.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

80.    The parties entered into the March 2003 Agreement, a valid and enforceable contract.

81.    Pursuant to the March 2003 Agreement, Defendants promised to pay the March 2003 Purchase Price to Plaintiff in exchange for the March 2003 Carpets.

82.    Plaintiff has fulfilled its responsibilities under the March 2003 Agreement by delivering the March 2003 Carpets to Defendants.

83.    Defendants have materially breached the March 2003 Agreement by failing to fully pay Plaintiff the March 2003 Purchase Price.

84.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – April 2003 Agreement)

85.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

86.    The parties entered into the April 2003 Agreement, a valid and enforceable contract.

87.    Pursuant to the April 2003 Agreement, Defendants promised to pay the April 2003 Purchase Price to Plaintiff in exchange for the April 2003 Carpets.

88.    Plaintiff has fulfilled its responsibilities under the April 2003 Agreement by delivering the April 2003 Carpets to Defendants.

89.    Defendants have materially breached the April 2003 Agreement by failing to fully pay Plaintiff the April 2003 Purchase Price.

90.    As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – May 2003 Agreement)

91.    Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

92.    The parties entered into the May 2003 Agreement, a valid and enforceable contract.

93.    Pursuant to the May 2003 Agreement, Defendants promised to pay the May 2003 Purchase Price to Plaintiff in exchange for the May 2003 Carpets.

94.    Plaintiff has fulfilled its responsibilities under the May 2003 Agreement by delivering the May 2003 Carpets to Defendants.