UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
BEHZADI & BRENJIAN CARPET
           Plaintiff,

-against-

**AFFIDAVIT IN SUPPORT**

Docket No. 07-CV-7073
**Judge/Magistrate Judge:** Barbara S. Jones/Douglas F. Eaton
**Date:** October 29, 2007

DAVID & SON ORIENTAL ANTIQUE
RUGS CORPORATION AND
DAVID SHADAN
           Defendant(s).
-----------------------------------------------------X

James J. Corbett being duly sworn deposes and says:

1. I am the attorney for defendants, David & Son Oriental Antique Rugs Corporation ("David & Son") and David Shadan ("Shadan"), and as such I am fully familiar with the facts and circumstances set forth herein.

2. I make this affidavit in support of defendants' motion for an order pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the Certificate of Default which has been entered in this action, and for the Court to accept, as timely filed, the Answer attached hereto as Exhibit "G".

3. According to paragraph 2 of plaintiff's complaint in this action, plaintiff is an Iranian company and a citizen of Iran which maintains its principal place of business in Tehran, Iran. As set forth in paragraph 1 of the complaint, "plaintiff brings this action to recover damages it has incurred as a result of defendants' breach of multiple agreements to purchase various carpets." Attached hereto as Exhibit "A" is a copy of plaintiff's complaint.

4. Upon information and belief, plaintiff has obtained a Clerk's Certificate of Default and has filed an Affidavit for Judgment by Default, which is presently pending before Your Honor.

Attached hereto as Exhibit "B" is a copy of the Clerk's Certificate of Default and Affidavit for Judgment by Default.

5. The default against defendant, Shadan, a natural person, should be vacated because plaintiff did not effectuate service of the summons and complaint on defendant, Shadan, and therefore this Court does not have personal jurisdiction over defendant, Shadan, and plaintiff is not entitled to a default judgment against defendant, Shadan.

6. Plaintiff claims to have served defendant, Shadan, by mailing the summons and complaint to him by certified mail to a post office box for the corporate defendant, David & Son. The affidavit of service pertaining to service of the summons and complaint on defendant, Shadan, provides, "On August 10, 2007, deponent served a true copy of SUMMONS AND COMPLAINT WITH JUDGES RULES AND STATEMENT PURSUANT TO FED. R. CIV. 7.1 upon David Shadan c/o David & Son Rugs, P.O. Box 996, New York, N.Y. 10156-0996 by depositing a true and correct copy of the same enclosed in a certified postpaid wrapper addressed to the above in an official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York." Attached hereto as Exhibit "C" is a copy of the affidavit of service for defendant, Shadan.

7. This improper manner of service is confirmed by plaintiff's attorney, Kevin Fritz, Esq., at paragraph 7 of his Affidavit of Default, wherein Mr. Fritz represented, "On August 10, 2007, the Complaint, Shadan Summons, and other documents were delivered via certified mail to Shadan at P.O. Box 996, New York, NY 10156-0996, which is the address listed for Shadan as Chairman of Oriental Antique Rugs Summons on the New York State Division of Corporations website." Attached hereto as Exhibit "D" is a copy of the Affidavit of Default.

8. Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service upon an individual shall be pursuant to the law of the state in which the district is located.

2

9. New York State law does not provide for service of a summons and complaint on an individual by certified mail to a post office box. Rather, pursuant to Section 308 of New York State Civil Practice Law & Rules, service on a natural person can be made by (1) personal service; (2) serving a person of suitable age and discretion at the person's actual place of business, dwelling place or usual place of abode and mailing the summons and complaint to such person; (3) delivering the summons to an agent designated under Section 318 of the Civil Practice Law & Rules; or (4) when personal service or service upon a person of suitable age and discretion cannot be made with due diligence, by affixing the summons to the door of the person's actual place of business, dwelling place or usual place of abode and mailing the summons to the person.

10. Because service upon a natural person by certified mail is not a manner of service provided for by New York State law, plaintiff failed to effectuate service upon defendant, Shadan. Therefore, the Certificate of Default and any default judgment against defendant, Shadan, should be vacated.

11. Also, there is other good cause to set aside the entry of default against defendants.

12. The defendants have a reasonable excuse for having not yet served an answer. Defendants have numerous meritorious defenses to plaintiff's claims and plaintiff would not be prejudiced if the Court were to accept the answer attached hereto as Exhibit "G" as timely served.

13. According to the plaintiff's complaint, the last alleged breach that is the subject of this action occurred over four years ago.

14. As set forth by defendant, Shadan, in his accompanying affidavit, defendant, David & Son, is not as active as it was four years ago and no longer operates its business out of 630 First Avenue, New York, New York. Therefore, any mailing of process by the Secretary of State to

3

David & Son at 630 First Avenue was not received. Because David & Son is not as active, the post office box to which the summons and complaint was mailed to Shadan is not checked on a regular basis. At one time defendant, Shadan, checked the post office box and it contained a pink post office slip indicating that an item delivered by certified mail had been returned to its sender. Thereafter, defendant, Shadan, was told by individuals in the carpet market that plaintiff was suing defendants. Defendant, Shadan, then spoke with his attorney who informed Shadan to go to the Courts and check the Court records to determine whether plaintiff commenced an action against defendants. Upon checking the records at the United States District Court for the Southern District of New York, on October 19, 2007, Shadan, for the first time, obtained a copy of the Summons and Complaint in this action.

15. Soon thereafter, on October 22, 2007, defendants retained my office and I immediately filed a Notice of Appearance and called plaintiff's attorney. Attached hereto as Exhibit "E" is a copy of the Notice of Appearance.

16. However, plaintiff's attorney had wasted no time in seeking a default judgment. According to the Court docket for this case, defendants answer was due September 4, 2007 and on September 12, 2007, plaintiff filed its request for Default Certificate and on September 27, 2007 plaintiff filed a Motion for Default Judgment.

17. When I spoke with plaintiff's attorney on October 22, 2007, I requested that plaintiff agree to vacate the default and stipulate to an extension of time for defendants to answer.

18. Mr. Fritz stated that he would have to speak with his client before he could respond to my request.

19. I called Mr. Fritz again on October 23, 2007 and he informed me he had not been able to speak with his client because his client resides in Tehran, Iran.

20. Thereafter, Mr. Fritz informed me that his client is unwilling to vacate the default and extend defendants' time to answer.

21. It is respectfully submitted, under such circumstances, that this case should be decided on its merits and plaintiff should not be awarded a judgment in excess of $700,000.00 because defendants were weeks late in appearing.

22. Plaintiff would in no way be prejudiced by vacating the default. Plaintiff has waited over four years to commence this action. A short delay of weeks for defendants to serve their answer will have no effect on the case.

23. Moreover, defendants have meritorious defenses to plaintiff's action.

24. The complaint contains eight causes of action all of which are based upon Uniform Commercial Code Section 2-709. Plaintiff's causes of action are barred by the Statute of Frauds, Section 2-201 of the Uniform Commercial Code, which precludes enforcement, by way of action or defense, of a contract for the sale of goods for the price of $500 or more absent a writing sufficient to indicate that a contract for sale has been made between the parties which is signed by the party against whom enforcement is sought.

25. Plaintiff's complaint does not allege that there was a _written_ agreement between the parties and no written agreement is attached to the complaint. As set forth in the accompanying affidavit of defendant, Shadan, there were no such written agreements.

26. In addition, as set forth in Shadan's affidavit, defendants do not owe any money to plaintiff.

27. Also, the claims against defendant, Shadan, should be dismissed outright. With regard to the defendant, Shadan, the complaint contains nothing more than conclusory allegations, alleged upon information and belief, that Shadan used defendant, David & Son, as his alter ego. Plaintiff fails to plead any facts to substantiate such conclusory claims and does not sufficiently allege

5

that the corporate form was used to commit a fraud against plaintiff. Moreover, the accompanying affidavit of Shadan establishes that Shadan did not use the corporation as an alter ego.

28. Accordingly, defendants have meritorious defenses.

29. In addition, the recent sanctions imposed on Iran, Iranian banks and the Islamic Revolutionary Guard, warrant not granting a default judgment in excess of $700,000 to the Iranian corporate plaintiff in this action. Such sanctions may very well preclude plaintiff from asserting its claim in a United States Court at this time.

30. On October 25, 2007, the United States designated as terrorist organizations the Islamic Revolutionary Guard Corps ("IRGC") and three Iranian state-owned banks. As a result of such designation, no U.S. citizen or private organization will be allowed to engage in financial transactions with those entities and the assets of those entities under U.S jurisdiction will be immediately frozen. See the Remarks by Secretary Rice and Secretary Paulsen on Iran Sanctions, October 25, 2007, attached hereto as Exhibit "F".

31. As stated by Secretary of the Treasury Paulsen on October 25, 2007, "The IRGC is so deeply entrenched in Iran's economy and commercial enterprises, it is increasingly likely that if you are doing business with Iran, you are doing business with the IRGC." Within those same remarks Secretary Paulsen stated, "In dealing with Iran, it is nearly impossible to know one's customer and be assured that one is not unwittingly facilitating the regimes reckless behavior and conduct." See Exhibit "F"

32. Based upon these remarks by high ranking U.S. officials, it is very possible that this action or the damages plaintiff seeks in this action qualify as an asset to be frozen under the recently imposed sanctions.

33. Therefore, in addition to a default being against public policy to decide cases on their merits, a default judgment in this case, resulting in a $700,000 judgment to an Iranian corporation may be contrary to U.S. foreign policy.

WHEREFORE, it is respectfully requested that the Court issue an Order pursuant to Federal Rule of Civil Procedure 55(c) vacating the entry of default in this action, and accepting as timely serviced, the answer attached hereto as Exhibit "G", and for such other and further relief the Court deems adequate.

JAMES J. CORBETT (JC6658)

Sworn to before me this
2nd day of November, 2007

JESSICA LANG
Notary Public, State of New York
No. 01LA6151998
Qualified in Suffolk County
Commission Expires August 28, 20 10