UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BEHZADI & BRENJIAN CARPET
          Plaintiff,

-against-

**AFFIDAVIT OF DAVID SHADAN
IN SUPPORT OF DEFENDANTS' MOTION
TO VACATE ENTRY OF DEFAULT**

Docket No. <u>07-CV-7073</u>
**Judge/Magistrate Judge:** Barbara S. Jones/Douglas F. Eaton
**Date:** <u>October 29, 2007</u>

DAVID & SON ORIENTAL ANTIQUE
RUGS CORPORATION AND
DAVID SHADAN
          Defendant(s).
------------------------------------------------------X

David Shadan being duly sworn deposes and says:

1. I am the named individual defendant in this action and president of the corporate defendant, David & Son Oriental Antique Rugs Corporation ("David & Son"), and as such I am fully familiar with the facts and circumstances set forth herein.

2. I make this affidavit in support of defendants' motion for an order pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the Certificate of Default which has been entered in this action, and for the Court to accept, as timely served, the answer attached hereto as Exhibit "G".

3. My attorney has informed me that the entry of default against me personally should be vacated because I was not properly served with the summons and complaint in this action.

4. The affidavit of service pertaining to service of the summons and complaint against me personally indicates that plaintiff attempted service upon me by mailing the summons and complaint to me by certified mail at David Shadan c/o David & Son Rugs, P.O. Box 996, New York, New York. That post office box is the mailing address for the business David & Son.

5. My attorney has informed me that serving a natural person by mailing the summons and complaint by certified mail to a post office box for a business is ineffective.

6. Therefore, any default entered against me personally should be vacated.

7. Also, there is other good cause to set aside the entry of default against defendants.

8. Defendants have a reasonable excuse for any default in that defendants did not obtain a copy of the summons and complaint until October 19, 2007.

9. Defendant, David & Son, has not done business with plaintiff for the last four years.

10. Over the last four years, David & Son, has become less active and no longer operates its business out of 630 First Avenue, New York, New York.

11. Although David & Son still maintains P.O. Box 996, New York, New York 10156-0996 as a mailing address for the corporation, the post office box is not checked on a regular basis because of the limited activity of the corporation.

12. At one time in or around September, 2007, I checked the post office box and it contained a pink post office slip indicating that an item that had been delivered to me by certified mail was returned to its sender.

13. Thereafter, people who did business at the carpet market in New York City informed me that the plaintiff, Behzadi & Brenjian Carpet, was suing David & Son.

14. I brought this to the attention of my attorney and he informed me that I should visit the Courts and check the Court records to determine whether an action was commenced against David & Son.

15. I first went to the local State Courts and found that no action was commenced against David & Son in any of those Courts.

16. I informed my attorney of this and he suggested that I check with the Federal Courts.

17. On Friday, October 19, 2007, I went to the United States District Court for the Southern District of New York and found that plaintiff had commenced an action against David & Son and myself in that Court. At that time, I obtained, for the first time, a copy of the complaint.

18. On Monday, October 22, 2007, I retained the Law Office of James J. Corbett to represent defendants in this action.

19. Mr. Corbett informed me that on the same date I retained his office he filed a Notice of Appearance and checked the docket and found that plaintiff was seeking a default against defendants. Mr. Corbett also informed me that on October 22, 2007 he called plaintiff's attorney and requested that plaintiff withdraw its default application and extend defendants' time to answer. According to Mr. Corbett, plaintiff refused to withdraw its default application and refused to extend defendants' time to answer.

20. Defendants have acted reasonably and diligently and plaintiff's action has been delayed only a matter of weeks. In light of the fact that plaintiff waited four years to commence this action, plaintiff would be hardpressed to argue that it is in anyway prejudiced by defendants serving an answer a few weeks after it was allegedly due.

21. Under these circumstances defendants should be given an opportunity to defend this action on the merits. A decision on the merits would certainly be in the best interest of justice, as defendants have numerous meritorious defenses to plaintiff's causes of action.

22. My attorney informs me that all of plaintiff's causes of action are based upon Uniform Commercial Code 2-709, and the Uniform Commercial Code requires that any agreement that is the subject of such cause of action be written.

23. The agreements referred to in the complaint were not in writing. In fact, there were no written agreements between plaintiff and defendants.

24. Moreover, defendants do not owe plaintiff any amount of money. Defendant, David & Son, has fully paid plaintiff for all products defendant, David & Son, received from plaintiff.

3

25. Although plaintiff's complaint alleges that defendants failed to fully pay plaintiff for each transaction, conspicuously missing from the complaint is an allegation as to the amount allegedly owed to plaintiff for each transaction.

26. Moreover, the allegations in the complaint indicate that plaintiff continued to do business with defendants after defendants allegedly breached agreements by failing to make full payment. Certainly plaintiff would not continue to do business with defendant if defendants on numerous occasions failed to make full payment to plaintiff.

27. Also, the allegations against me personally have absolutely no basis in fact.

28. Plaintiff alleges that I used defendant, David & Son, as an alter ego. That is not true. David & Son was its own entity and a properly functioning corporation. It has its own employment identification number and bank account and operated and functioned in all respects as a corporation.

29. I, personally, never conducted business or entered into any agreements with plaintiff.

30. Rather, plaintiff conducted business with David & Son only.

31. In addition, my attorney informs me that plaintiff's complaint contains nothing more than conclusory allegations addressed to liability against me personally and such allegations are insufficient state a cause of action against me and therefore the complaint should be dismissed as to me personally.

32. Accordingly, it is clear defendants have meritorious defenses.

33. Therefore, it is respectfully submitted that, for the reasons mentioned above, the Court should vacate the Certificate of Default in this action.

_____
DAVID SHADAN

Sworn to before me this
2nd day of November, 2007

_____
JESSICA LANG
Notary Public, State of New York
No. 01LA6151998
Qualified in Suffolk County
Commission Expires August 28, 2010