UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BEHZADI & BRENJIAN CARPET
          Plaintiff,

                               **AFFIRMATION**

-against-

                       Docket No. 07-CV-7073
                       **Judge/Magistrate Judge:** Barbara S. Jones/Douglas F. Eaton
                       **Date:** January 25, 2008

DAVID & SON ORIENTAL ANTIQUE
RUGS CORPORATION and
DAVID SHADAN
          Defendant(s).
-------------------------------------------------------X

    James J. Corbett, an attorney duly admitted to practice law before this Court, hereby affirms, pursuant to the penalties of perjury, the following to be true upon information and belief:

    1. I am the attorney for defendants, David & Son Oriental Antique Rugs Corporation ("David & Son") and David Shadan ("Shadan"), and as such I am fully familiar with the facts and circumstances set forth herein.

    2. I make this affirmation in support of defendant, Shadan's, motion pursuant to Federal Rule of Civil Procedure 56(b) for summary judgment dismissing the Fourth Claim for Relief contained in the amended complaint.

    3. The Fourth Claim for Relief contained in the amended complaint seeks to recover from the individual defendant, Shadan, on the ground that he is the alter ego of the corporate defendant, David & Son. Attached hereto as Exhibit "A" is a copy of the amended complaint.

    4. As established herein and in the accompanying affidavit of Shadan, David & Son operated a carpet importing and sales business as a legitimate corporate entity and Shadan was not the alter ego of David & Son.

    5. Plaintiff commenced this action by filing a complaint on or about August 8, 2007. Attached hereto as Exhibit "B" is a copy of the complaint.

    6. Thereafter, on or about December 4, 2007, plaintiff filed an amended complaint. See Exhibit "A".

7. The amended complaint contains six Claims for Relief. The first three Claims for Relief are against David & Son for the price of sales contracts pursuant to UCC 2-709. In those Claims for Relief, plaintiff alleges it entered into an agreement for the sale of certain carpets to David & Son, plaintiff delivered the carpets to David & Son, and David & Son did not fully pay plaintiff for the carpets.

8. The Fifth Claim for Relief is against David & Son for an account stated and the Sixth Claim for Relief is against David & Son for unjust enrichment.

9. The Fourth Claim for Relief is the only claim for relief against the individual defendant, Shadan, and seeks to recover from Shadan as the alter ego of David & Son.

10. The Fourth Claim for Relief contains the following allegations:

> Shadan had complete domination of [David & Son's] finances, policies, and business practices with respect to the Carpet Agreements so that David & Son's had at the time of the transactions no separate mind, will or existence of its own.
>
> Shadan used such domination to commit wrongdoing in contravention of Plaintiff's legal rights.
>
> Shadan's domination and wrongdoing proximately caused Plaintiff's injury.
>
> Shadan, as the alter ego of David & Son, is liable for David & Son's wrongful acts, including breaches of contracts. As a result, Plaintiff is entitled to damages from Shadan in an amount to be determined at trial.

11. The allegations in the Fourth Claim for Relief are conclusory, meaningless and insufficient to sustain an alter ego claim against Shadan.

12. Moreover, the allegations are contradictory to the 155 pages of the documents attached to the amended complaint, which establish the alleged transactions were done with David & Son. Not one of those documents not even mentions Shadan. Neither Shadan's name nor signature appears anywhere on the 155 pages of documents. Rather, the documents establish

that plaintiff acknowledged David & Son as a valid corporate entity with which plaintiff was doing business. See exhibit "A".

13. The allegations are also contradictory to the allegations of the other Claims for Relief in the complaint which indicate plaintiff entered into agreements with David & Son and delivered the carpets to David & Son. See Exhibit "A".

14. As set forth in the accompanying Memorandum of Law, corporations are legal entities distinct from their managers and shareholders and have an independent legal existence. The corporation is not to be lightly disregarded.

15. The accompanying Memorandum of Law also sets forth that courts will pierce the corporate veil only to prevent fraud, illegality or to achieve equity.

16. The amended complaint does not allege fraud or illegality or seek equitable relief.

17. Rather, it is quite clear that plaintiff is asserting nothing more than a UCC claim to recover the balance of the sales price for carpets delivered to David & Son pursuant to agreements plaintiff entered into with David & Son.

18. There is no fraud, no illegality and no basis to pierce the corporate veil of David & Son.

19. Accordingly, for the reasons set forth above the Fourth Claim for Relief of the complaint should be dismissed.

WHEREFORE, it is respectfully requested that the Court issue an Order pursuant to Federal Rule of Civil Procedure 56(b) granting summary judgment dismissing the Fourth Claim for Relief of plaintiff's amended complaint and for such other and further relief as the Court deems adequate.

JAMES J. CORBETT (JC6658)