STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

BEHZADI & BRENJIAN CARPET,

                Plaintiff,

            v.

DAVID & SON ORIENTAL ANTIQUE RUGS
CORPORATION and DAVID SHADAN,

                Defendants.

-------------------------------------------------------------- x

07 Civ. 7073 (BSJ)(DFE)

**AMENDED COMPLAINT**

Plaintiff Behzadi & Brenjian Carpet ("Plaintiff" or "Behzadi"), by its attorneys, Storch Amini & Munves PC, as and for its complaint against defendants David & Sons Oriental Antique Rugs Corporation ("Oriental Antique Rugs") and David Shadan ("Shadan") (collectively, "Defendants") hereby alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to recover damages that it has incurred as a result of Oriental Antique Rugs' breach of multiple agreements to purchase various carpets.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an Iranian company that is engaged in the business of buying and selling carpets. Plaintiff is a citizen of Iran and maintains its principal place of business in

Tehran, Iran. Plaintiff is a merchant under Article 2 of the New York Uniform Commercial Code (the "U.C.C.").

3. Oriental Antique Rugs is a New York corporation and is engaged in the business of buying and selling carpets. Oriental Antique Rugs is a merchant under Article 2 of the U.C.C.

4. Shadan resides at 630 First Avenue, New York, New York and is a citizen of New York. Shadan is the Chairman and Chief Executive Officer of Oriental Antique Rugs. Shadan speaks Farsi.

5. The Court has jurisdiction pursuant to 28 U.S.C. § 1332 since the matter is between citizens of a State and a citizen of a foreign state, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since Defendants reside herein.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

The April 2003 Agreement

7. In or about April 2003, Plaintiff and Oriental Antique Rugs entered into an agreement for the sale of certain carpets by Plaintiff to Oriental Antique Rugs (the "April 2003 Agreement").

8. Pursuant to the April 2003 Agreement, Oriental Antique Rugs agreed to purchase from Plaintiff two hundred and nineteen (219) carpets (the "April 2003 Carpets") in exchange for $296,662.00 (the "April 2003 Purchase Price").

9. Oriental Antique Rugs' payment of the April 2003 Purchase Price was due in three (3) installments over five (5) months: June 2003; July 2003; and August 2003.

10. On or about May 10, 2003, Plaintiff promptly delivered the April 2003 Carpets to Oriental Antique Rugs.

11. Oriental Antique Rugs received and accepted the April 2003 Carpets.

12. Within a reasonable time, Plaintiff sent written confirmation of the April 2003 Agreement to Oriental Antique Rugs, which was received by Oriental Antique Rugs, of which the contents were known to Oriental Antique Rugs, who failed to provide written notice of objection to its contents within ten days after it was received. The written confirmation included a description of the April 2003 Carpets, including color, type, size, price, and quantity. A copy of the written confirmation for the April 2003 Carpets, including the translation to English, is attached hereto as Exhibit A and incorporated herein.

13. Oriental Antique Rugs admitted in court papers that the April 2003 Agreement was made.

14. Oriental Antique Rugs did not fully pay Plaintiff the installments of the April 2003 Purchase Price when they became due.

The May 2003 Agreement

15. In or about May 2003, Plaintiff and Oriental Antique Rugs entered into an agreement for the sale of certain carpets by Plaintiff to Oriental Antique Rugs (the "May 2003 Agreement").

16. Pursuant to the May 2003 Agreement, Oriental Antique Rugs agreed to purchase from Plaintiff ninety (90) carpets (the "May 2003 Carpets") in exchange for $105,872.00 (the "May 2003 Purchase Price").

17. Oriental Antique Rugs' payment of the May 2003 Purchase Price was due in July 2003.

18. On or about July 12, 2003, Plaintiff promptly delivered the May 2003 Carpets to Oriental Antique Rugs.

19. Oriental Antique Rugs received and accepted the May 2003 Carpets.

20. Within a reasonable time, Plaintiff sent written confirmation of the May 2003 Agreement to Oriental Antique Rugs, which was received by Oriental Antique Rugs, of which the contents were known to Oriental Antique Rugs, who failed to provide written notice of objection to its contents within ten days after it was received. The written confirmation included a description of the May 2003 Carpets, including color, type, size, price, and quantity. A copy of the written confirmation for the May 2003 Carpets, including the translation to English, is attached hereto as Exhibit B and incorporated herein.

21. Oriental Antique Rugs admitted in court papers that the May 2003 Agreement was made.

22. Oriental Antique Rugs did not fully pay Plaintiff the May 2003 Purchase Price when it became due.

The June 2003 Agreement

23. In or about June 2003, Plaintiff and Oriental Antique Rugs entered into an agreement for the sale of certain carpets by Plaintiff to Oriental Antique Rugs (the "June 2003 Agreement")[1].

24. Pursuant to the June 2003 Agreement, Oriental Antique Rugs agreed to purchase from Plaintiff one hundred and ninety-two (192) carpets (the "June 2003 Carpets")[2] in exchange for $213,688.00 (the "June 2003 Purchase Price").[3]

---

[1] The April 2003 Agreement, May 2003 Agreement, and June 2003 Agreement are collectively referred to as the "Carpet Agreements."
[2] The April 2003 Carpets, May 2003 Carpets, and June 2003 Carpets are collectively referred to as the "Carpets."

25.  Oriental Antique Rugs' payment of the June 2003 Purchase Price was due in three (3) monthly installments: August 2003; September 2003; and October 2003.

26.  On or about July 26, 2003, Plaintiff promptly delivered the June 2003 Carpets to Oriental Antique Rugs.

27.  Oriental Antique Rugs received and accepted the June 2003 Carpets.

28.  Within a reasonable time, Plaintiff sent written confirmation of the July 2003 Agreement to Oriental Antique Rugs, which was received by Oriental Antique Rugs, of which the contents were known to Oriental Antique Rugs, who failed to provide written notice of objection to its contents within ten days after it was received. The written confirmation included a description of the June 2003 Carpets, including color, type, size, price, and quantity. A copy of the written confirmation for the June 2003 Carpets, including the translation to English, is attached hereto as Exhibit C and incorporated herein.

29.  Oriental Antique Rugs admitted in court papers that the June 2003 Agreement was made.

30.  Oriental Antique Rugs did not fully pay Plaintiff the installments for the June 2003 Purchase Price when it became due.

Partial Payments

31.  From September 3, 2003 to October 11, 2003, Oriental Antique Rugs paid $96,964.00 to Plaintiff, via five (5) different wire transfers, as payment of a portion of the admitted debt, the Purchase Prices, made and accepted as such, accompanied by circumstances amounting to an absolute and unqualified acknowledgement by Oriental Antique Rugs of more being due, from which a promise to pay the remainder was inferred.

---

[3] The April 2003 Purchase Price, May 2003 Purchase Price, and June 2003 Purchase Price are collectively referred to as the "Purchase Prices."

32.     On both October 31, 2003 and October 7, 2004, Plaintiff traveled from Iran to New York to meet with Oriental Antique Rugs regarding the monies owed for the Carpets. During such meetings, Oriental Antique Rugs repeatedly promised Plaintiff that the Purchase Prices would be paid. Oriental Antique Rugs further advised Plaintiff that the latter's presence in New York was harming Oriental Antique Rugs' reputation in the carpet market, which would adversely affect Oriental Antique Rugs' ability to collect monies that it needed to pay the Purchase Prices.

## FIRST CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – April 2003 Agreement)

33.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

34.     Plaintiff and Oriental Antique Rugs entered into the April 2003 Agreement, a valid and enforceable contract.

35.     Pursuant to the April 2003 Agreement, Oriental Antique Rugs promised to pay the April 2003 Purchase Price to Plaintiff in exchange for the April 2003 Carpets.

36.     Plaintiff has fulfilled its responsibilities under the April 2003 Agreement by delivering the April 2003 Carpets to Oriental Antique Rugs.

37.     Oriental Antique Rugs has materially breached the April 2003 Agreement by failing to fully pay Plaintiff the April 2003 Purchase Price.

38.     As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – May 2003

Agreement)

39.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

40.     Plaintiff and Oriental Antique Rugs entered into the May 2003 Agreement, a valid and enforceable contract.

41.     Pursuant to the May 2003 Agreement, Oriental Antique Rugs promised to pay the May 2003 Purchase Price to Plaintiff in exchange for the May 2003 Carpets.

42.     Plaintiff has fulfilled its responsibilities under the May 2003 Agreement by delivering the May 2003 Carpets to Oriental Antique Rugs.

43.     Oriental Antique Rugs has materially breached the May 2003 Agreement by failing to pay Plaintiff the May 2003 Purchase Price.

44.     As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

**(Action for the Price of Sales Contract Pursuant to U.C.C. § 2-709 – June 2003 Agreement)**

45.     Plaintiff repeats and realleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

46.     Plaintiff and Oriental Antique Rugs entered into the June 2003 Agreement, a valid and enforceable contract.

47.     Pursuant to the June 2003 Agreement, Oriental Antique Rugs promised to pay the June 2003 Purchase Price to Plaintiff in exchange for the June 2003 Carpets.

48.     Plaintiff has fulfilled its responsibilities under the June 2003 Agreement by delivering the June 2003 Carpets to Oriental Antique Rugs.

49. Oriental Antique Rugs has materially breached the June 2003 Agreement by failing to pay Plaintiff the June 2003 Purchase Price.

50. As a result of this breach, Plaintiff has suffered damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Alter Ego Liability Against Shadan)

51. Plaintiff repeats and re-alleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

52. Shadan had complete domination of Oriental Antique Rugs' finances, policies, and business practices with respect to the Carpet Agreements so that Oriental Antique Rugs had at the time of the transactions no separate mind, will or existence of its own.

53. Shadan used such domination to commit wrongdoing in contravention of Plaintiff's legal rights.

54. Shadan's domination and wrongdoing proximately caused Plaintiff's injury.

55. Shadan, as the alter ego of Oriental Antique Rugs, is liable for Oriental Antique Rugs' wrongful acts, including breaches of contracts.

56. As a result, Plaintiff is entitled to damages from Shadan in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### (Account Stated Against Oriental Antique Rugs)

57. Plaintiff repeats and re-alleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

58. Plaintiff sent Oriental Antique Rugs invoices that specified the amounts due to Plaintiff for the sale of the Carpets to Oriental Antique Rugs.

59. Oriental Antique Rugs did not dispute the amounts of the invoices for the Carpets.

60. Oriental Antique Rugs failed to pay the outstanding invoices.

61. Plaintiff has an account stated cause of action for the invoices in the amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment Against Oriental Antique Rugs)

62. Plaintiff repeats and re-alleges each and every allegation contained in the proceeding paragraphs as if fully set forth herein.

63. Oriental Antique Rugs benefited from receipt of the Carpets.

64. Oriental Antique Rugs unjustly did not fully pay Plaintiff for the benefit that it received from the Carpets.

65. Oriental Antique Rugs' failure to fully pay the purchase prices of the Carpets was to Plaintiff's detriment.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants in an amount to be determined at trial, but no less than $521,578.00, together with interest, incidental damages, attorneys' fees and costs, and such other relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
November 30, 2007

By: \_\_\_\_\_/s/ Kevin Fritz_____
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Storch Amini & Munves PC
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Tel. (212) 490-4100