UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BEHZADI & BRENJIAN CARPET
     Plaintiff,

-against-

              Docket No. 07-CV-7073
              **Judge/Magistrate Judge:** Jones/ Eaton
              **Date:** January 25, 2008

DAVID & SON ORIENTAL ANTIQUE
RUGS CORPORATION AND
DAVID SHADAN
     Defendant(s).
-------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO DISMISS THE FOURTH CLAIM FOR RELIEF CONTAINED IN THE AMENDED COMPLAINT

Dated: Bellmore, New York
    January 25, 2008

              Law Office of James J. Corbett
              *Attorney for Defendants,*
              ***David & Son Oriental Antique Rugs Corporation and David Shadan***
              254 Pettit Avenue
              Bellmore, New York 11710
              (516) 679-9494

To: Kevin A. Fritz, Esq.
    Storch, Amini & Munves PC
    *Attorney for Plaintiff,*
    ***Behzadi & Brenjian Carpet***
    2 Grand Central Tower
    140 E. 45th Street
    25th Floor
    New York, NY 10017
    (212)-497-8238

**PRELIMINARY STATEMENT**

It is respectfully submitted that the court should grant the within motion for summary judgment and dismiss the Fourth Claim For Relief contained in the amended complaint, which seeks damages from the individual defendant, David Shadan ("Shadan"), as the alter ego of the corporate defendant, David & Son Oriental Antique Rugs Corporation ("David & Son").

**BACKGROUND**

On August 8, 2008, plaintiff commenced this action by filing a complaint naming David & Son and Shadan as defendants. On December 4, 2007, plaintiff filed an amended complaint naming David & Son and Shadan as defendants.

The amended complaint contains six Claims for Relief. The first three Claims for Relief are actions are against David & Son for the price of sales contracts pursuant to U.C.C. 2-709. In those claims for relief, plaintiff alleges it entered into agreements for the sale of certain carpets to David & Son, plaintiff delivered the carpets to David & Son, and David & Son did not fully pay plaintiff for the carpets.

The Fourth Claim for Relief seeks to recover from Shadan, as the alter ego of David & Son, for David & Son's alleged wrongful acts.

The Fifth Claim for Relief is against David & Son for an account stated.

The Sixth Claim for Relief is against David & Son for unjust enrichment.

Attached to the amended complaint are 155 pages of documents which plaintiff claims substantiate the transactions alleged in the amended complaint. Not one of the documents is addressed to Shadan, signed by Shadan or mentions Shadan.

2

The Fourth Claim for Relief, which is the only Claim for Relief in the amended complaint that seeks to recover from Shadan, contains the following allegations:

> Shadan had complete domination of [David & Sons'] finances, policies, and business practices with respect to the Carpet Agreements so that [David & Son] had at the time of the transactions no separate mind, will or existence of its own.
>
> Shadan used such domination to commit wrongdoing in contravention of Plaintiff's legal rights.
>
> Shadan's domination and wrongdoing proximately caused Plaintiff's injury.
>
> Shadan, as the alter ego of David & Son, is liable for [David & Sons'] wrongful acts, including breaches of contracts.
>
> As a result, Plaintiff is entitled to damages from Shadan in an amount to be determined at trial.

David & Son is a corporation duly organized under laws of the State of New York. David & Son has its own Employer Identification Number and telephone number and maintained its own bank accounts. David & Son enters into contracts in its own name, receives goods in its own name and pays for those goods from its own bank account. This is acknowledged in the amended complaint in which plaintiff alleges it entered into agreements with David & Son, delivered carpets to David & Son, and received partial payment from David & Son. This is further substantiated by the 155 pages of documents attached as exhibits to the amended complaint which indicate that any alleged transactions were between plaintiff and the corporate defendant, David & Son.

## SUMMARY JUDGMENT SHOULD BE GRANTED DISMISSING THE FOURTH CLAIM FOR RELIEF IN THE AMENDED COMPLAINT

The Fourth Claim For Relief of the amended complaint should be dismissed because there is no basis to pierce the corporate veil of David & Son and thereby find Shadan liable as the alter ego of David & Son.

In *Treeline Mineola, LLC. v. Berg*, 21 A.D.3d 1028, 801 N.Y.S.2d 407 (2d Dep't 1995) the Court held

> "While the courts are empowered to pierce the corporate veil in appropriate circumstances, in view of the well established fact that a business can be incorporated for the very purpose of enabling its proprietor to escape personal liability, the corporate form is not lightly to be disregarded. Indeed precedent is clear that courts will pierce the corporate veil only to prevent fraud, illegality or to achieve equity (see e.g. *Bowless v. Errico*, 163 A.D.2d 771). This is true even in situations such as this where the corporation is controlled or dominated by a single shareholder" (*New York Assn, for Retarded Children v. Montgomery County Ch. V. Keator*, 199 A.D.2d 921 [1993]).

In *Treeline*, the plaintiff sought to hold the sole shareholder of the corporate defendant liable for unpaid rent owed under a lease between plaintiff and the corporate defendant. The Court found that plaintiff failed to establish that the individual shareholder through his control and dominion over the corporation

4

perpetrated a wrong or injustice against plaintiff such that a court of equity would intervene.

To disregard the corporate form and hold an individual liable for breach of the corporation's contract, it must be established that the individual, disregarding the corporate form, exercised such dominion and control over the corporation's operations that the corporation became his alter ego, a vehicle for purely personal rather than corporate ends. _Bonnani v. Straight Arrow Publishers, Inc._, 133 A.D.2d 585, 520 N.Y.S.2d 7 (1st Dept. 1987). Mere legal conclusions unsupported by factual allegations are insufficient to support an alter ego claim. _Bonnani_, supra. Plaintiff's Fourth Claim For Relief contains absolutely no factual allegations as to how Shadan dominated David & Son and how he used that domination to harm plaintiff.

In _Weis v. Selected Meat Packers, Inc._, 91 A.D.2d 1085, 458 N.Y.S.2d 313 (3d Dept. 1983), the Appellate Division upheld the lower court's decision dismissing plaintiff's cause of action which sought to pierce the corporate veil. In that case, the court found that the plaintiff's complaint merely alleged that defendant had the sole and/or controlling ownership interest in the corporate defendants and that he controlled the management and other activities of the corporations. The court held that those allegations, without more, fall short of establishing a prima facie case so as to permit disregard of the corporate form. In this case, plaintiff merely alleges that Shadan is Chairman and Chief Executive Officer of David & Son.

Corporations, of course, are legal entities distinct from their managers and shareholders and have an independent legal existence. Ordinarily, their separate

personalities cannot be disregarded. Rapid Tr. Subway Constr. Co. v. City of New York, 259 N.Y. 472, 487--488, 182 N.E. 145, 149--150. In a broad sense, the courts do have the authority to look beyond the corporate form where necessary 'to prevent fraud or to achieve equity'. International Aircraft Trading Co. v. Manufacturers Trust Co., 297 N.Y. 285, 292, 79 N.E.2d 249, 252. The determinative factor is whether 'the corporation is a 'dummy' for its individual stockholders who are in reality carrying on the business in their personal capacities for purely personal rather than corporate ends. Walkovszky v. Carlton, 18 N.Y.2d 414, 418, 276 N.Y.S.2d 585, 588, 223 N.E.2d 6, 8.

As established in the affidavit of David Shadan submitted in support of the within motion and confirmed by the allegations of the amened complaint and documents attached thereto, David & Son was not a "dummy" corporation. The corporation was duly incorporated in the State of New York and operated as a legitimate corporate entity in the business of importing and selling carpets.

## CONCLUSION

For the reasons set forth above there is no basis to pierce the corporate veil of David & Son and find Shadan liable as the alter ego of David & Son. Accordingly, the within motion for summary judgment dismissing the Fourth Claim for Relief should be granted.

JAMES J. CORBETT (JC6658)