STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
BEHZADI & BRENJIAN CARPET,                                    :
                                                              :
                            Plaintiff,                        :
                                                              :     07 Civ. 7073 (BSJ)
                v.                                            :
                                                              :
DAVID & SON ORIENTAL ANTIQUE RUGS                             :
CORPORATION and DAVID SHADAN,                                 :
                                                              :
                            Defendants.                       :
                                                              :
                                                              :
------------------------------------------------------------- x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE FOURTH CLAIM FOR RELIEF**

Plaintiff Behzadi & Brenjian Carpet ("Plaintiff" or "Behzadi"), by its attorneys, Storch Amini & Munves PC, submits this memorandum of law in opposition to the motion by defendants David & Sons Oriental Antique Rugs Corporation (the "Rugs Corporation") and David Shadan ("Shadan") (collectively, "Defendants") for summary judgment on Plaintiff's claim for alter ego liability.

**STATEMENT OF FACTS**

On December 4, 2007, Plaintiff filed the Amended Complaint against Defendants alleging that, among other things, the Rugs Corporation had breached multiple contracts with

Plaintiff to purchase carpets and that Shadan, as the alter ego of the Rugs Corporations, should be held liable. (Fritz Decl. para. 11). Defendants filed an Answer to the Amended Complaint on December 21, 2007. (Id. para. 12). By letter dated January 8, 2008, Plaintiff requested that the Court schedule an initial pre-trial conference so that the parties could thereafter exchange discovery. (Id. para. 13). Days later, the Court scheduled the initial pre-trial conference for February 11, 2008. (Id. para. 14).

On January 28, 2008, before the initial pre-trial conference was held and before the time to exchange discovery had even commenced, Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Id. para. 15). An affidavit from Shadan, which makes several factual statements regarding the merits of Plaintiff's alter ego claim, is included as part of the motion. (Id.). No discovery has been exchanged in this case. (Id. para. 16).

## ARGUMENT

**I.     Since Discovery Has Not Commenced, the Motion for Summary Judgment Should be Denied**

    **A.     Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). However, summary judgment should only be granted "[i]f *after discovery*, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1996))(alteration in original and emphasis added). Summary judgment

on the basis of insufficient proof of a claim is only warranted where the non-movant has had an adequate opportunity to conduct discovery. Celotex Corp., 477 U.S. at 322.

The United States Supreme Court has stated that "[a]ny potential problem with such premature motions can be adequately dealt with under Rule 56(f), … if the nonmoving party has not had an opportunity to make full discovery." Id. at 326.  Pursuant to Rule 56(f):

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

### B. No Discovery Has Been Conducted

In order to defeat a summary judgment motion on the grounds that more discovery is needed, the party opposing the motion must submit an affidavit showing: (1) what facts are sought to resist the motion and how those facts will be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what effort affiant has made to obtain those facts; and (4) why the affiant was unsuccessful in those efforts. Miller v. Wolpoff & Abramson, LLP, 321 F.3d 292, 303 (2d Cir. 2003).  Here, the undersigned's declaration demonstrates that Plaintiff cannot currently present facts essential to justify its opposition to Defendants' motion for summary judgment. (Fritz Decl.).  In summary, since discovery has not commenced, Plaintiff has not had the opportunity to gather information to support its alter ego claim.  "Only in the rarest of cases should summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. U.S. Dep't of Vet. Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

3

        1.      <u>Facts Sought and How Such Facts Will be Obtained</u>

Once discovery has commenced, Plaintiff will seek facts pertaining to, among other things, whether: Shadan was the sole owner of the Rugs Corporation; the Rugs Corporation had any employees; the Rugs Corporation had a management structure; Shadan completely dominated the Rugs Corporation's finances, policies, and business practices; any such domination resulted in the Rugs Corporation having no separate mind, will or existence of it own; and any such domination proximately caused Plaintiff's injury. (Fritz Decl. para. 17). Plaintiff intends to obtain such facts through deposition testimony of both Defendants and non-parties, documents produced by Defendants and non-parties, Defendants' responses to interrogatories, and Defendants' responses to requests for admission. (<u>Id.</u> para. 18).

        2.      <u>How Facts Will Create a Genuine Issue of Material Fact</u>

The aforementioned discovery will create a genuine issue of material fact as to whether Shadan is the alter ego of the Rugs Corporation because the discovery will reveal that Shadan exercised such domination and control over the Rugs Corporation's operations such that the latter was Shadan's vehicle for personal, rather than corporate, ends. (<u>Id.</u> para. 19).

        3.      <u>Efforts to Obtain Facts</u>

In an effort to obtain such information, Plaintiff wrote a letter to the Court requesting an initial pre-trial conference, which would permit Plaintiff to thereafter serve discovery demands pertaining to, among other things, its alter ego claim. The Court has scheduled an initial pre-trial conference on February 11, 2008 in response to Plaintiff's request. (<u>Id.</u> para. 21).

        4.      <u>Why Efforts to Obtain Facts Has been Unsuccessful</u>

Plaintiff has been unsuccessful in obtaining relevant facts because the initial pre-trial conference has not been held. Since the initial pre-trial conference has not been held, Rule 26(a)

disclosures have not been exchanged and Plaintiff has not served any discovery demands. As soon as the initial pre-trial conference is held on February 11, 2008, Plaintiff will serve its discovery demands in an effort to obtain the facts needed to oppose the summary judgment motion. (Id. para. 20).

Thus, since Plaintiff has proved that it is unable to present facts to oppose the summary judgment motion due to the lack of discovery conducted, denial of the motion is warranted.

### C. Judicial Precedent Supports the Denial of the Summary Judgment Motion

It is well-settled in this circuit that a motion for summary judgment should be denied where, as here, the nonmoving party has not had the opportunity to conduct discovery on an issue essential to the opposition of that motion. In Hellstrom v. U.S. Dep't of Vet. Affairs, 201 F.3d 94 (2d Cir. 2000), the Second Circuit held that summary judgment was improperly granted because the plaintiff was not provided with an opportunity to conduct any discovery regarding his First Amendment retaliation claim. In Enron Corp. v. J.P. Morgan Securities, Inc., Adv. Pro. No. 03-92677, 2005 WL 3873891 (S.D. Bankr. Ct. 2005), the Bankruptcy Court for the Southern District of New York denied a motion for summary judgment as premature since the plaintiff did not have a chance to engage in discovery with the defendants. This Court, in Sanders v. Quikstak, Inc., 889 F. Supp. 128 (S.D.N.Y. 1995), denied the motion for summary judgment because no party depositions had been conducted and the plaintiff had not received any discovery from the defendant. See also Burroughs Wellcome Co. v. Commercial Union Ins. Co., 632 F. Supp. 1213 (S.D.N.Y. 1986)(refraining from granting plaintiff's motion for summary judgment to permit defendant to inspect certain files and to present newly discovered evidence relevant to the issue raised on the summary judgment motion).

**D.     The Cases Upon Which Defendants Rely are Distinguishable**

In their memorandum of law, Defendants contend that summary judgment should be granted on Plaintiff's fourth claim for relief, which seeks to hold Shadan liable as the alter ego of the Rugs Corporation. (Defs.' Memo of Law at 2).  The bases for Defendants' motion are the self-serving statements contained in Shadan's affidavit. (Affidavit of David Shadan dated Jan. 25, 2008).

However, the cases cited by Defendants in support of their argument that Shadan is not the alter ego of the Rugs Corporation are completely distinguishable from the instant case.  In Treeline Mineola, LLC v. Berg, 21 A.D.3d 1028 (N.Y. App. Div., 2d Dep't 2005), the Second Department found, "[a]*fter a nonjury trial*," that piercing the corporate veil was not appropriate. (Emphasis added).  In International Aircraft Trading Co. v. Manufacturers Trust Co., 297 N.Y. 285, 288 (N.Y. 1948), the New York Court of Appeals affirmed the dismissal on the merits of an alter ego claim "[a]*fter trial without a jury* … ." (Emphasis added).  Finally, in Rapid Transit Subway Constr. Co. v. City of New York, 259 N.Y. 472, 479 (N.Y. 1932), the Court of Appeals reversed the trial court's finding, made "[a]*fter a protracted trial*," that the plaintiff was a mere agent of another entity. (Emphasis added).  The Court of Appeals ruled that there was "*no evidence*" to support that ruling. Id. at 488 (emphasis added).  Thus, despite the fact that no discovery has been conducted in this matter, let alone a trial, Defendants improperly rely on cases in which rulings were made based upon trial evidence.

Moreover, Defendants also rely upon cases finding that alter ego claims were insufficiently pled. (Defs.' Memo of Law at 5-6). In Bonanni v. Straight Arrow Publ., Inc., 113 A.D.2d 585, 587 (N.Y. App. Div., 1st Dep't 1987), the First Department held that the amended complaint "contains only a legal conclusion with no factual allegations supporting the alter ego

claim … ." With respect to the respondent's request for leave to amend, the First Department noted that the respondent "made no effort to discover the evidentiary facts" after the answer was served. Id. In Weis v. Selected Meat Packers, Inc., 91 A.D.2d 1085 (N.Y. App. Div., 3d Dep't 1983), the Third Department concluded that the plaintiff's complaint failed to state facts sufficient to permit a piercing of the corporate veil. Lastly, in Walkovszky v. Carlton, 18 N.Y.2d 414 (N.Y. 1966), the Court of Appeals found that the complaint lacked the allegations required for an alter ego claim.

Contrary to those cases, Defendants herein moved for summary judgment, not to dismiss, and Plaintiff is eagerly awaiting the opportunity to conduct discovery. Of course, Defendants' time to move to dismiss pursuant to Rule 12(b)(6) has passed, see Fed. R. Civ. P. 12(b)(motions must be made before the responsive pleading is due), which is why Defendants are improperly and prematurely moving for summary judgment. Indeed, Defendants' memorandum of law states that "As established in the affidavit of David Shadan submitted in support of the within motion and confirmed by the allegations of the amended complaint and documents attached thereto, [the Rugs Corporation] was not a 'dummy' corporation." (Defs.' Memo of Law at 6). Thus, Defendants are asking the Court to solely rely upon Shadan's contemporaneous, self-serving statements without giving Plaintiff an opportunity to discover whether such statements are accurate. Moreover, the fact that Plaintiff entered into a contract with the Rugs Corporation, in name, reveals nothing about whether Shadan is the alter ego of that entity.

**II.     Defendants Should be Sanctioned for Submitting the Affidavits**

Pursuant to Rule 56(g), "If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the

reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt." Fed. R. Civ. P. 56(g). In the instant case, Defendants moved for summary judgment based upon the sworn factual statements of Shadan even though they knew that Plaintiff has not had the opportunity to conduct any discovery, let alone discovery on the issue of whether Shadan is the alter ego of the Rugs Corporation. Thus, Defendants knew that their motion was premature and, in turn, filed in bad faith. Moreover, Defendants are clearly attempting to delay discovery on the alter ego issue by filing this motion. The Court can rest assured that once discovery begins, Defendants will refuse to disclose information pertaining to the alter ego claim because this motion will be pending. For these reasons, Defendants should be sanctioned pursuant to Rule 56(g).

## CONCLUSION

The Court should not permit Plaintiff to be "railroaded by a premature motion for summary judgment." Sanders v. Quikstak, Inc., 889 F. Supp. 128, 131 (S.D.N.Y. 1995)(internal citations omitted). Defendants' motion should be denied in its entirety and Defendants should be sanctioned pursuant to Rule 56(g) for submitting affidavits in bad faith.

Dated:  New York, New York            Respectfully submitted,
        February 6, 2008
                                      STORCH AMINI & MUNVES PC

                                      By:    /s/ Kevin Fritz
                                             Bijan Amini (BA-3533)
                                             Kevin Fritz (KF-6788)
                                             Two Grand Central Tower
                                             140 East 45th Street, 25th Floor
                                             New York, New York, 10017
                                             (212) 490-4100
                                             Attorneys for Plaintiff

8

TO:   James J. Corbett, Esq.
      254 Pettit Avenue
      Bellmore, NY 11710
      (516) 679-9494
      Attorneys for Defendants