STORCH AMINI & MUNVES PC
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Bijan Amini (BA-3533)
Kevin Fritz (KF-6788)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
BEHZADI & BRENJIAN CARPET,                                    :
:
                      Plaintiff,              :
:      07 Civ. 7073 (BSJ)
               v.                    :
:
DAVID & SON ORIENTAL ANTIQUE RUGS                             :
CORPORATION and DAVID SHADAN,                                 :
:
                      Defendants.             :
:
:
------------------------------------------------------------- x

**RULE 56(f) DECLARATION OF KEVIN FRITZ IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT ON THE FOURTH CLAIM FOR RELIEF**

       Kevin Fritz, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, declares under the penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct:

       1.       I am an associate of the law of firm of Storch Amini & Munves, attorneys for plaintiff Behzadi & Brenjian Carpet ("Plaintiff" or "Behzadi") in the above-captioned action. As such, I am familiar with the facts set forth below.

       2.       I submit this declaration in opposition to the motion by defendants David & Sons Oriental Antique Rugs Corporation (the "Rugs Corporation") and David Shadan ("Shadan") (collectively, "Defendants") for summary judgment on Plaintiff's claim for alter ego liability.

3. On August 8, 2007, Plaintiff filed the Complaint, alleging that Defendants breached multiple contracts to purchase various carpets. (Docket No. 1).

4. Thereafter, Plaintiff duly served the Complaint upon Defendants. (Docket No. 3-8).

5. Defendants failed to answer the Complaint or otherwise appear by September 3, 2007, as required.

6. On September 12, 2007, Plaintiff filed an Application for a Certificate of Default against Defendants. (Docket No. 9).

7. On September 26, 2007, the Clerk of the Court entered a default against Defendants. Thereafter, Plaintiff moved for a default judgment against Defendants. (Docket No. 10).

8. Defendants failed to timely oppose the motion for a default judgment.

9. On November 5, 2007, Defendants moved to set aside the entry of default. (Docket No. 14).

10. On November 19, 2007, Judge Barbara S. Jones so-ordered a stipulation withdrawing the aforementioned motions and waiving any defense as to service. (Docket No. 18).

11. On December 4, 2007, prior to Defendant responding to the Complaint, Plaintiff filed an Amended Complaint alleging, among other things, that Shadan is the alter ego of the Rugs Corporation and should be liable for the Rugs Corporation's wrongful acts. (Docket No. 20).

12. On December 21, 2007, Defendants filed an Answer to the Amended Complaint. (Docket No. 24). Defendants have not moved to dismiss any of Plaintiff's claims.

13. By letter dated January 8, 2008, and with Defendants' consent, Plaintiff requested that the Court schedule an initial pre-trial conference. A copy of the letter is attached hereto as Exhibit A.

14. On or about January 14, 2008, the Court scheduled an initial pre-trial conference for February 11, 2008.

15. On January 28, 2008, prior to any discovery being conducted, Defendants filed a motion for summary judgment on Plaintiff's alter ego claim. (Docket No. 26, 27). Defendants' motion does not include a Statement of Material Facts, as required by Local Civil Rule 56.1(a).

16. At the present time, Plaintiff cannot present facts essential to justify an opposition to the motion for summary judgment because there has been no discovery conducted for this case.

17. Once discovery has commenced, Plaintiff will seek facts pertaining to, among other things:

- whether Shadan was the sole owner of the Rugs Corporation;
- whether the Rugs Corporation had any employees;
- whether the Rugs Corporation had a management structure;
- whether Shadan completely dominated the Rugs Corporation's finances, policies, and business practices;
- whether any such domination resulted in the Rugs Corporation having no separate mind, will or existence of it own; and
- whether any such domination proximately caused Plaintiff's injury.

18. Plaintiff intends to obtain such facts through deposition testimony of both Defendants and non-parties, documents produced by Defendants and non-parties, Defendants' responses to interrogatories, and Defendants' responses to requests for admission.

19. The aforementioned discovery will create a genuine issue of material fact as to whether Shadan is the alter ego of the Rugs Corporation because the discovery will reveal that Shadan exercised such domination and control over the Rugs Corporation's operations such that the latter was Shadan's vehicle for personal, rather than corporate, ends.

20. Plaintiff has been unsuccessful in obtaining such information because the initial pre-trial conference has not been held. Since the initial pre-trial conference has not been held, Rule 26(a) disclosures have not been exchanged and Plaintiff has not served any discovery demands. As soon as the initial pre-trial conference is held on February 11, 2008, Plaintiff will serve its discovery demands in an effort to obtain the facts needed to oppose the summary judgment motion.

21. In an effort to obtain such information, Plaintiff wrote a letter to the Court requesting an initial pre-trial conference, which would permit Plaintiff to thereafter serve discovery demands pertaining to, among other things, its alter ego claim. The Court has scheduled an initial pre-trial conference on February 11, 2008 in response to Plaintiff's request.

22. Based upon the foregoing, Defendants' motion for summary judgment should be denied as premature and Defendants should be sanctioned pursuant to Rule 56(g) for submitting affidavits in bad faith.

Dated: New York, New York
February 6, 2008

By: \_\_\_\_\_/s/ Kevin Fritz_____
Kevin Fritz (KF-6788)
Storch Amini & Munves PC
2 Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
Tel. (212) 490-4100
Attorneys for Plaintiff