LAW OFFICE OF JAMES J. CORBETT
254 Pettit Avenue
Bellmore, New York 11710
James J. Corbett (JC6658)
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
BEHZADI & BRENJIAN CARPET
                Plaintiff,

-against-

DAVID & SON ORIENTAL ANTIQUE
RUGS CORPORATION and
DAVID SHADAN
                Defendant(s).
-----------------------------------------------------X

**REPLY AFFIRMATION**

Docket No. 07-CV-7073
**Judge/Magistrate Judge:** Barbara S. Jones/Douglas F. Eaton
**Date:** February 15, 2008

    James J. Corbett, an attorney duly admitted to practice law before this Court, hereby affirms under penalty of perjury as follows:

    1. I am the attorney for defendants, David & Son Oriental Antique Rugs Corporation ("David & Son") and David Shadan ("Shadan"), and as such I am fully familiar with the facts and circumstances set forth herein.

    2. I make this affirmation in reply to plaintiff's opposition to the motion of defendant, Shadan, for summary judgment pursuant to Federal Rule of Civil Procedure 56.

    3. The 155 pages of documents attached to plaintiff's Amended Complaint and the vague, conclusory allegations contained in the Fourth Claim for Relief of the Amended Complaint establish that the Fourth Claim for Relief of the Amended Complaint should be dismissed on

summary judgment pursuant to Federal Rule of Civil Procedure 56 or dismissed pursuant to Federal Rule of Civil Procedure 12(c).

4. Plaintiff attached to its Amended Complaint 155 pages of documents which allegedly substantiate the transactions at issue in this action.

5. Not one of the 155 pages of documents attached to the Amended Complaint even mentions Shadan. None of the documents are addressed to Shadan and none are signed by Shadan.

6. Plaintiff opposes the within motion on the ground that plaintiff requires discovery to determine whether

- Shadan was the sole owner of the David & Son;

- David & Son had any employees;

- David & Son had a management structure;

- Shadan completely dominated David & Son's finances, policies and business practices;

- Any such domination resulted in David & Son having no separate mind, will or existence of its own; and

- Any such domination proximately caused Plaintiff's injury.

7. However, the 155 pages of documents attached to the Amended Complaint clearly establish that (1) Shadan did not completely dominate David & Son's finances, polices, and business practices; (2) David & Son had a separate mind, will and existence of its own; and (3) the injuries allegedly sustained by plaintiff were not caused by Shadan.

8. The fact that the extensive set of documents (which plaintiff believes to be so essential to its case that plaintiff attached them to its Amended Complaint) fails to even mention Shadan clearly establishes that Shadan was not the alter ego of David & Son. This coupled with the

2

vague, conclusory allegations of the Fourth Claim for Relief of the Amended Complaint make it clear that plaintiff has no basis for bringing an alter ego claim against Shadan and plaintiff is seeking discovery herein for the sole purpose of conducting a fishing expedition with regard to its alter ego claim.

9. It is respectfully submitted that if the Court disregarded the affidavit of Shadan (which is the only evidence outside the pleadings, submitted in support of the within motion) and relied solely on the pleadings, then the Fourth Claim for Relief should be dismissed pursuant to Federal Rules of Civil Procedure 12(c). Attached hereto as Exhibit "A" is a copy of defendants' Answer to the Amended Complaint.

10. The Fourth Claim for Relief of plaintiff's Amended Complaint contains only a legal conclusion with no factual allegations supporting the alter ego claim, which is so purely conclusory to be meaningless.

11. Plaintiff has failed to allege any specific facts supporting its position that the corporate veil should be pierced and Shadan held individually liable.

12. The Amended Complaint merely restates the appropriate legal standard to pierce the corporate veil and is absolutely devoid of any particularized allegation indicating how Shadan disregarded the corporate formalities.

13. Accordingly, it is clear plaintiff is not aware of any basis for an alter ego claim against Shadan.

14. Plaintiff's opposition mentions that Shadan's motion does not include a Statement of Material Facts. However, at this stage of the litigation, the only facts the parties are aware of are those alleged in plaintiff's Amended Complaint. Therefore, the Court is respectfully referred to the Amended Complaint for a Statement of Material Facts.

15. Therefore, for the reasons set forth above the Fourth Claim for Relief of the Amended Complaint should be dismissed on summary judgment pursuant to Federal Rule of the Civil Procedure 56 or dismissed pursuant to Federal Rule of the Civil Procedure 12(c).

                                      JAMES J. CORBETT (JC6658)