UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BEHZADI & BRENJIAN CARPET
          Plaintiff,

-against-

                      Docket No. 07-CV-7073
                      **Judge/Magistrate Judge:** Barbara S. Jones/Douglas F. Eaton
                      **Date:** February 15, 2008

DAVID & SON ORIENTAL ANTIQUE
RUGS CORPORATION AND
DAVID SHADAN
          Defendant(s).
-------------------------------------------------------X

## DEFENDANT, SHADAN'S, MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT, SHADAN'S, MOTION FOR SUMMARY JUDGMENT

Dated: Bellmore, New York
       February 15, 2008

                                    Law Office of James J. Corbett
                                    *Attorney for Defendants,*
                                    *David & Son Oriental Antique Rugs*
                                    *Corporation and David Shadan*
                                    254 Pettit Avenue
                                    Bellmore, New York 11710
                                    (516) 679-9494

To:    Kevin A. Fritz, Esq.
        Storch, Amini & Munves PC
        *Attorney for Plaintiff,*
        *Behzadi & Brenjian Carpet*
        2 Grand Central Tower
        140 E. 45th Street
        25th Floor
        New York, NY 10017
        (212)-497-8238

I.  **Plaintiff has not satisfied the legal requirement necessary to defeat a summary judgment motion on the grounds that more discovery is needed.**

Plaintiff opposes the within motion on the ground that plaintiff requires discovery to determine whether

- Shadan was the sole owner of the David & Son;

- David & Son had any employees;

- David & Son had a management structure;

- Shadan completely dominated David & Son's finances, policies and business practices;

- Any such domination resulted in David & Son having no separate mind, will or existence of its own; and

- Any such domination proximately caused Plaintiff's injury.

In order to defeat a summary judgment motion on the grounds that more discovery is needed, the party opposing the motion must submit an affidavit showing: (1) what facts are sought to resist the motion and how those facts will be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what effort affiant has made to obtain those facts; and (4) why the affiant was unsuccessful in those efforts. *Miller v. Wolpoff & Abramson, LLP,* 321 F. 3d 292, 303 (2d Cir. 2003).

Plaintiff attached to its Amended Complaint 155 pages of documents which allegedly substantiate the transactions at issue in this action.

Not one of the 155 pages of documents attached to the Amended Complaint even mentions Shadan. None of the documents are addressed to Shadan and none are signed by Shadan.

2

Therefore, by virtue of the fact that the 155 pages of documents attached to the Amended Complaint fails to mention Shadan it is clear that (1) Shadan did not completely dominate David & Son's finances, polices, and business practices; (2) David & Son had a separate mind, will and existence of its own; and (3) the injuries allegedly sustained by plaintiff were not caused by Shadan.

Certainly, if Shadan's domination of David & Son was such that piercing of the corporate veil was warranted, Shadan's name would be mentioned in those crucial documents.

Therefore, because the documents attached to the Amended Complaint establish Shadan was not the alter ego of David & Son, Shadan's motion should be granted.

## II. Plaintiff's Fourth Claim for Relief should be dismissed pursuant to FRCP 12(c)

It is respectfully submitted that if the Court disregarded the affidavit of Shadan (which is the only evidence outside the pleadings, submitted in support of the within motion) and relied solely on the pleadings, then the Fourth Claim for Relief should be dismissed pursuant to Federal Rules of Civil Procedure 12(c).

The Fourth Claim for Relief of plaintiff's Amended Complaint contains only a legal conclusion with no factual allegations supporting the alter ego claim, which is so purely conclusory to be meaningless.

Plaintiff has failed to allege any specific facts supporting its position that the corporate veil should be pierced and Shadan held individually liable.

The Amended Complaint merely restates the appropriate legal standard to pierce the corporate veil and is absolutely devoid of any particularized allegation indicating how Shadan disregarded the corporate formalities.

In *Strojmaterialintorg v. Russian American Commercial Corp.*, 815 F. Supp. 103 (E.D.N.Y. 1993), the Court held:

> In order to allege properly a cause of action against a shareholder or officer, a plaintiff must do more than conclusory state the shareholder or officer exercises dominion and control over the corporation. Rather, a plaintiff must allege specific facts showing that the shareholder or officer is doing business in his or her individual capacity without regard to corporate formality. *Walkovsky v. Carlton*, 18 N.Y.2d 414, 276 N.Y.S.2d 585, 589-91, 223 N.E.2d 6, 9 (1966); Abelman v. Shoratlantic Dev. Co., 153 A.D.2d 821, 545 N.Y.S.2d 333, 334 (2d Dep't 1989) ("mere conclusory allegations that an entity is an 'alter ego' of a corporation are insufficient"); *Feigen v. Advance Capital Management*, 150 A.D.2d 281, 541 N.Y.S.2d 797, 798 (1st Dep't) appeal dismissed in part, denied in part, 74 N.Y.2d 874, 547 N.Y.S.2d 840, 547 N.E.2d 95 (1989) ( "the alter ego theory is simply insufficient to support claims for breach of contract against individuals in the absence of specific factual allegations…"); *Bonanni v. Straight Arrow Publishers*, 133 A.D.2d 585, 520 N.Y.S.2d 7, 9 (1st Dep't 1987) ("the amended complaint contains only a legal consclusion with no factual allegations supporting the alter ego claim, which is 'so purely conclusory as to be meaningless.'") (citation omitted); *Cusumano v. lota Indus., Inc.*, 100 A.D.2d 892, 474 N.Y.S.2d 579, 580 (2d Dep't 1984) ( complaint dismissed where "it merely contained conclusory statements that [the individual] was the 'alter ego' of the corporation with whom plaintiff had alledgedly contracted").

In *Strojmaterialintorg,* the Court concluded that the plaintiff failed to allege any specific facts supporting its position that the corporate veil should be pierced. The Court found the complaint merely restated the appropriate legal standard to pierce the corporate veil and was absolutely devoided of any particularized allegation indicating how the individual defendant disregarded the corporate formalities.

In the instant case, the Fourth Claim for Relief in the Amended Complaint merely restates the legal standard to pierce the corporate veil. The Amended Complaint fails to particularize any allegation as to how Shadan disregarded corporate formalities or any alleged wrongdoing on the part of Shadan.

4

Accordingly, the Fourth Claim for Relief should be dismissed pursuant to FRCP 12(c).

Such dismissal is especially warranted since the 155 pages of documents attached to the Amended Complaint contradict the allegations of the Fourth Claim for Relief. In deciding a FRCP 12(c) motion, the court applies the same standard as that applicable to a FRCP 12(b)(6) motion. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999).

As stated by the Court in *Nghiem v. United States Department of Veterans Affairs*, 451 F. Supp. 599 (S.D.N.Y.2006);

> "When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in[the] complaint, documents attached to the complaint as a exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[s] had knowledge and relied in bringing suite." *Brass v. American Film Technologies, Inc.* 987 F.2d 142, 150 (2d Cir. 1993). When a party submits additional evidence to the Court in connection with a motion to dismiss, the Court must convert the motion to dismiss into a motion for summary judgment or exclude the extraneous documents from consideration. See Fed.R.Civ.P. 12(b); *Fonte v. Bd. Of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1998). The Second Circuit has held, however that "when a plaintiff chooses not to attach to the complaint or incorporate by referenced a [document] upon which it solely relied and which is integral to the complaint," the court may nevertheless take that document into consideration in deciding the defendants' motion to dismiss, without converting the motion into one for summary judgment, *Cortec Indus v. Sum Holding L.P.*, 949 F. 2d 42, 47-48 (2d Cir. 1991).

Therefore, when considering the vague, conclusory allegations of the Fourth Claim for Relief and the fact that the documents attached to the Amended Complaint contradict the allegations of the Fourth Claim for Relief, it is clear the Fourth Claim for Relief should be dismissed.

**III.**     **The Court can overlook absence of a formal statement of facts in a summary judgment motion**

Plaintiff argues Shadan's summary judgment motion is deficient because it does not contain a Statement of Material Facts. However, at this stage of the litigation the only pertinent facts known to the parties are those set forth in the Amended Complaint, which was attached as an exhibit to Shadan's summary judgment motion.

Under such circumstances, denial of Shadan's motion is not warranted. The Court may overlook such inadvertence and decide the motion upon the record presented which is straightforward. *Spria v. Ashwood Financial, Inc.*, 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005).

## CONCLUSION

For the reasons set forth above there is no basis to pierce the corporate veil of David & Son and find Shadan liable as the alter ego of David & Son. Accordingly, the within motion should be granted.

JAMES J. CORBETT (JC6658)